Judge Cabeel
delivered the opinion of the Court.*
This was an action on the case, for money had and received by Brockenbrough, the defendant, for the use of Ward’s intestate, the plaintiff in the Court below. On the trial, the defendant, Brockenbrough, tendered a demurrer to the testimony, and moved the Court to compel the plaintiff to join therein, which motion was over *353 ruled by the Court; to which opinion, the defendant excepted. There was a verdict and judgment in favor of the plaintiff for $2,698, from which Brockenbrough appealed to this Court.
It was very fairly and properly admitted by the counsel for the appellant, that if the evidence set forth in the de; murrer shews that the plaintiff was entitled to recover in this action, the judgment, of the Superior Court must be affirmed.
The case made in the demurrer is substantially this: ■ On the 16th of January, 1810, Austin Brockenbrough, the appellant, and Joshua Ward, the intestate of the appellee, entered into articles of agreement, under their hands and seals, by which Brockenbrough agreed to sell to Ward a tract of land to which he was entitled in right of his wife, for the price of l,236f. which price, Ward agreed to pay, with interest from the date of the agreement, at two instalments, the first of which was to become due on the 1st of January, 1811. It was stipulated that Ward should assign to Brockenbrough, on demand, a good bond for 601. and also three other bonds executed by one-Cotterell, due in 1816, 1817 and 1818; which bonds were to be assigned to Brockenbrough as a security for the purchase money of the land: that Brockenbrough and wife were to make Ward a deed for the land, in convenient time, and Ward was to make Brockenbrough a mortgage on the land, to secure the payment of the purchase money, with the interest thereon. Brockenbrough, moreover, agreed to take slaves at valuation, in payment of the purchase money, as it should become due. Ward was to take immediate possession of the land, and hold it under the agreement. He took possession accordingly; but he left the country in 1811, and has not since been heard of. Brockenbrough re-possessed himself of the land, (at what particular time is not stated,) and sold and conveyed in fee simple to one Healey, at the price of five dollars per acre, being the best price which could then be had for the same; and the wife of Brockenbrough, (who *354 was the owner of the fee,) joined in the conveyance, and has since died. Brockenbrough received the money due on Cotterell’s bonds, and on being applied to by Ward’s representa!ive some time in 1818, to pay the same, said he wou^ pay if after deducting the loss he had sustained in the second sale, which was three dollars per acre.
The question is, whether Ward’s representative is entitled to recover, under the circumstances above stated, the money received by Brockenbrough on account of Cotterell’s bonds.
Cotterell’s bonds were assigned to Brockenbrough, not in payment for the land, but merely as a security for the payment of the purchase money. So long, therefore, as Brockenbrough had a right to demand the purchase money of the land, he had a right to retain in his hands Cotte~ rell’s bonds, or so much of the money received therefor, as should not exceed the purchase money and interest. But, so soon as the purchase money, with the interest, should be paid, or the purchaser should be forever discharged from the liability to pay it, it would be manifestly unjust for the vendor to retain what he had received merely as a pledge or security for the purchase money. He became bound, ex cequo et bono, to restore it; and the action of assumpsit for money had and received, is the proper action to compel him to do so.
It becomes necessary, therefore, to enquire into the character of the covenants between the parties in this case. If they were independent, it would be no objection to an action brought by Brockenbrough for the purchase money, that he had not complied with the covenant on his part. But, if the covenants were dependent; if the covenant, on the part of Brockenbrough to convey the land, was a condition precedent to the obligation on the part of the purchaser to pay the purchase money, without alleging a conveyance, or a tender to convey; he could maintain no action for the purchase money, without alleging a conveyance or a tender to convey.
*355 “ Covenants are to be considered to be either dependent or independent of each other, according to the intention and meaning of the parties,, and the good sense of the case, and technical’words should give way to such intention.” Pordage v. Cole, 1 Saund. 319, note 4. Hotham v. East India Company, 6 Term Rep. 571. Porter v. Sheppard, Ib. 668. Campbell v. Jones, Ib. 571. Moreton v. Lamb, 7 Term Rep. 130. Here Brockenbrough was to convey in convenient time; but that stipulation is limited and explained by the subsequent stipulation that Wurd was to give a mortgage to secure the purchase money, the first instalment of which was to fall duo on the 1st of January, 1811. This clearly and incontestably proves, that the parties intended that Brockenbrough should convey the land, before the purchase money was payable. Now, it is settled law, that when a day is appointed for the payment of money, and the day is to happen after the thing, which is the consideration of the money, is to be performed, no action can be maintained for the money, before' performance. Thorpe v. Thorpe, 1 Salk. 171, 2d resolution. Pordage v. Cole, 1 Saund. 319, note 4. Brockenbrough’s covenant was, therefore, a condition precedent to his right to demand the purchase money; and as his conveyance of the land to another, has forever put it out of his power to comply with that condition precedent, it follows, that Ward’s representatives can never be under any obligation to pay the purchase money, and consequently, that Brockenbrough is bound, ex cequo et bono, to restore what he had received merely as a pledge to secure its payment.
The judgment is affirmed.

 The Presidest and Judge Coalter absent.