## THOMAS VS. LANIER.

The stipulation, on a sale of land, to make title, and the undertaking to pay the purchase money, stand on the same legal footing; and where the one is a condition precedent to the other, and the time but not the place of performance is fixed, the vendor must seek the vendee, if within the State; but if he be absent, the vendor may proceed by attachment for the purchase money without first offering to make title.

*Appeal from Jackson Circuit Court.*

Hon. WM. R. CAIN Circuit Judge.

STILLWELL & WOODRUFF, for appellant.

Mr. Justice COMPTON delivered the opinion of the court.

At the suit of the plaintiff on a writing obligatory for $200 00, dated 26th November, 1856, and payable on the 25th December, 1857, the slave of the defendant was attached. The defendant appeared, and pleaded, in substance, as follows:

That he executed the writing obligatory for the residue of the purchase money, agreed to be paid for a tract of land; that the plaintiff, at the same time, executed to him a bond for title, in which it was stipulated that, upon payment of the writing obligatory, the plaintiff should make, or cause to be made, to the defendant, a deed to the land; and that the plaintiff neither made, nor offered to make a deed to the defendant, before the commencement of the suit, as, by his bond for title, he was bound to do.

To this plea, the plaintiff filed four special replications (the same in substance), alleging that, at the time the writing obligatory and bond for title were executed, the plaintiff and

defendant both resided in the State of Arkansas, and that the defendant, after the execution and before the maturity of the writing obligatory, left said State, and remained continuously absent therefrom, from thence until after the commencement of the suit, so that the plaintiff could not tender him a deed to the land.   The court sustained a demurrer to the replications, and the plaintiff rested.

It is well settled, that where, upon an agreement for the sale and purchase of land, the stipulations by which the vendor undertakes to make title, and the vendee to pay the purchase money, are dependent, the vendor cannot maintain an action for the purchase money until he has performed, or offered to perform his part of the contract (*Lewis vs. Davis*, 21 *Ark*. 235; *Smith vs. Henny*, 2 *Eng*. 207): and the only question in this case is, whether the replication of the plaintiff sets up a sufficient excuse for non-performance.

It was laid down as a rule of the common law, at an early day, in England, that where the condition precedent is the payment of money at a day certain, and no place of payment is specified, the obligor must seek the obligee, if he be within the realm. *Littleton, book* 3, *chap*. 5, *sec*. 340.   And Lord Coke, commenting on this section, lays it down, that, if the obligee be absent from the realm, such absence is a good excuse for non-performance of the condition; and the reason assigned is, that the obligee himself is the cause of the obligor's inability to tender the money.   *Co. Lit.* 210, *b*.   The same learned commentator says, that if the condition be to make a feoffment, it is sufficient to make it upon the land, "because the estate must pass by livery."   *Ib*.   It may be remarked, however, that the conveyance by feoffment, with livery of seizin, has long since become obsolete in England, and is unknown in our system of conveyancing.   Here, livery of seizin is not, and never was necessary to pass the estate; and hence a *personal* tender of the conveyance, or an excuse for not doing so, must be made.   The stipulation to make title, on the one part, and the undertaking to pay the purchase money, on the other, stand

upon the same legal footing; and where, as in this case, the one is a condition precedent to the other, and the time, but not the place of performance, is fixed, the vendor must seek the vendee, if within the State; but if he be absent from the State, then the vendor may proceed against him, by attachment, for the purchase money, without first offering to make title. See *Comyn's Dig., title Condition G. 9.*

The court, therefore, erred in sustaining the demurrer to the 2d, 3d, 4th and 5th replications of the plaintiff; for which, the judgment must be reversed, and the cause remanded for further proceedings.