ANDERSON-TULLY COMPANY *v.* ROZELLE.

Opinion delivered June 23, 1900.

SALE—DELIVERY.—Where a bill of sale of a large quantity of lumber lying in the vendor's yard was executed, and the lumber delivered and accepted, the title passed, though it was agreed that the vendor should subsequently load the lumber on barges in the river at his own expense, and in the meantime protect and take care of the lumber in his yard, and though it was agreed that if the lumber contained more than the estimated number of feet the vendee should pay for the excess at the agreed price. (Page 310.)

Appeal from Mississippi Circuit Court.

FELIX G. TAYLOR, Judge.

*S. S. Semmes* and *Rose, Hemingway & Rose*, for appellants.

The levy on "all the lumber belonging to said E. D. Matthews" was void for uncertainty, and a sale under it would convey no title. Sand. & H. Dig., §§ 335, 336; 14 Ark. 41; 4 Ark. 198; 7 Ark. 415; 28 S. E. 219; 2 Caines, 61. As the plaintiff acquired no lien by the levy, he had no right to contest the claim of the interpleader. 19 Cal. 41; 43 Cal. 206. The interpleader could not have moved to quash the return on the attachment. Only the defendant could have done that. 23 S. W. 450; 47 Ark. 31; *id.* 19. But the intervener may always show that there is no lien. 53 Ark. 140; 57 *id.* 540. The intervention in this case is a separate suit (33 Ark. 613); and appellee should have filed an answer. 58 Ark. 446; 65 Ark. 469. Appellee could not defend against the intervention unless he had some kind of claim against the property. Drake, Attach. § 459; 74 Ala. 328. The court below had no jurisdiction to render the judgment appealed from because of defective service of the attachment. 17 Ark. 149; *id.* 482; 139 U. S. 216; 1 Rose's Notes, U. S. Rep. 213; 33 Ark. 31. The evidence does not support the verdict. The sale was complete, and the title in appellant. 19 Ark, 567; 23 Ark. 245; 39 Ark. 575; 37 Ark. 490; 7 Ark. 269; 60 Ark. 612; 31 Ark. 163; 14 Ark. 345; 31 Ark. 163; 35 Ark. 197; *id.* 304; 54 Ark. 305; 62 Ark. 592.

*W. J. Driver*, for appellee.

The evidence supports the verdict. The assignments in the motion for new trial are too general. 44 Ark. 213. The question of the validity of the levy was not raised below, and is not before the court. 2 Ark. 415. The levy was sufficient. Sand. & H. Dig., § 346. The interpleader can not contest the rights of the parties, or question the proceedings between them. 47 Ark. 31. The bill of sale was in reality but a mortgage. 13 Ark. 112; 31 Ark. 62; 2 Sumn. 486.

Battle, J. On the 11th day of July, 1898, L. D. Rozelle commenced (not filed) an action against E. D. Matthews in the Mississippi circuit court on an account for $495.70. On the same day he sued out an order of attachment, which was

served on the 12th day of July, 1898, by attaching certain lumber as the property of Matthews. On the 7th of December following, Anderson-Tully Company filed a complaint in the action instituted by Rozelle, claiming the lumber attached. A jury was impaneled to inquire into the facts. In the trial which followed, the following facts, substantially, were shown by the undisputed evidence: On the 24th of November, 1897, Anderson-Tully Company contracted with Matthews for one million feet of cottonwood lumber, and agreed to pay for the same at the rate of eight dollars a thousand feet. The company agreed to send an inspector to the mill of Matthews to make an estimate of the lumber sawed, as often as once in every thirty days, and agreed to advance to Matthews five dollars for every thousand feet of the lumber contained in the estimate, and to pay the remainder of the price when the lumber was delivered by Matthews on barges at Luxora, Arkansas. About the first day of July, 1898, the company sent its inspector to Luxora to receive lumber from Matthews. 220,000 feet of lumber were found loaded on a barge, and were received. The company then made a statement of Matthews' account with it, and found, after crediting him for the lumber delivered, he was still indebted to it in the sum of $1,995 for advances upon their contract. There was then in the mill yard of Matthews one hundred and fifteen piles of lumber, estimated to contain 373,625 feet. To collect the amount due it, the company caused Matthews to execute to it a bill of sale for the 115 piles of lumber, and to deliver the possession of the same to it in the yard where it was placed. The lumber was delivered to and received by the company as its own property, and the purchase money was paid, except sixty-five dollars, which was garnished in the hands of the company. This was done on the 5th of July, 1898. Matthews agreed to load the lumber on barges in the Mississippi river, convenient to his mill, at his own expense, and, in the meantime and until this was done, to protect and take care of the same. When the lumber was loaded, it was agreed that, if it contained more feet than was estimated, the company would pay for the excess at the price agreed upon. The reason given for the last transaction was

the protection of the company, but there was no agreement that the lumber should, upon any condition, ever become the property of Matthews.

Upon this evidence, the jury returned a verdict in favor of the plaintiff, Rozelle.    The company filed a motion for a. new trial, which the court denied, and the company appealed.

According to the evidence, the lumber in controversy was the property of the company.    All that was to be done to complete the sale according to the agreement of the parties was performed.    The lumber was delivered.    The fact that Matthews was to haul it to the barge did not affect the transfer of title. That was no condition upon the performance of which the sale was to become complete.    *Lynch* v. *Daggett*, 62 Ark. 592.

The judgment of the circuit court is reversed, and the cause is remanded, with direction to the court to enter a judgment in favor of the company for the lumber.