MASSEY *v.* DIXON.

Opinion delivered January 7, 1907.

SALE—CONSTRUCTION—WHEN QUESTION FOR JURY.—Although, where a written contract unequivocally manifests the intention of its parties, the court should declare its effect, yet, if it is not clear from the instrument whether the parties intended a present or future sale, the question should be submitted to a jury for determination.

Appeal from Jackson Circuit Court; *Frederick D. Fulkerson,* Judge; affirmed.

Dixon Brothers sued Massey Brothers and one Hudson in replevin for a certain carload of cedar posts.

Plaintiffs claimed to have purchased the cedar posts from one Robert Sanders, under the following agreement:

"This agreement made and entered into this the 20th day of May, A. D. 1904, by and between Robert Sanders, of Shipp's Ferry, Ark., party of the first part, and Dixon Brothers, of Mount Olive, Ark., party of the second part.

"Witnesseth: That the said Robert Sanders has this day sold to the said Dixon Brothers all the red cedar timber that is on his land at and near Shipp's Ferry, Ark., at the following prices, when delivered at any siding, spur or shipping point on the White River Railroad: [Here follows a scale of prices for different dimensions.]

"The said Robert Sanders agrees to use all diligence in working and getting out the said timber, and further agrees to have all of said timber worked out and on the railroad within twelve months from date of this agreement. The said Robert Sanders further agrees to work said timber up into such sizes and lengths as may be suggested by the said Dixon Brothers.

"The said Dixon Brothers agree to and have this day advanced to the said Robert Sanders the sum of two hundred dollars ($200.00) as a payment on said timber. They further agree to advance the said Robert Sanders an additional two hundred dollars as soon as he has placed enough of said cedar timber at some shipping point on the White River Railroad to cover the amount of the first payment.

"The said Robert Sanders agrees to have timber to the amount of two hundred dollars on said White River Railroad within 30 days from date of this agreement, and further agrees to have an additional two hundred dollars' worth on said railroad within 30 days from date of second payment by said Dixon Brothers. Then the said Dixon Brothers agree to pay the said Robert Sanders for timber as he places same on the White River Railroad in carload lots or more or at such times as the said Robert Sanders may designate. The said Dixon Brothers further agree to at all times give the said Robert Sanders a fair and honest inspection of said timber.

"Witness our hands and seals, this May 20, 1904.

"ROBERT SANDERS, [Seal.]

"DIXON BROTHERS, [Seal.]"

Defendants Massey Brothers claimed to have purchased the cedar posts from defendant Hudson, who bought from Sanders.

The court gave the following instructions, viz:

"1. If the jury believe from the evidence that, before the sale from Sanders to Hudson, Sanders had sold the timber to Dixon Brothers, then Sanders had no title to convey to Hudson, and you may find for plaintiffs, unless you find that plaintiffs are estopped as hereinafter mentioned.

"2. You are instructed that if you find from the evidence in this case that the title to the timber was immediately to pass to Dixon Brothers as soon as writing relied upon was delivered, you should find the right of possession of the posts in question in Dixon Brothers, unless you further find from the preponderance of the evidence that Dixon Brothers are estopped as hereinafter set out; and if you fail to find from the preponderance of the evidence that the title was to pass immediately upon the delivery of the contract, but was to depend upon the delivery of the posts when delivered on the railroad, then you should find for the defendants.

"3. That the burden of proof is on the plaintiff to establish his title to the property in controversy; and, before you should be authorized to find for the plaintiffs, you must find from a preponderance that plaintiffs were the owners of the property.

"4. That if you believe from the greater weight of the evidence in this case that Owen Dixon, one of the firm of Dixon Brothers, who are plaintiffs in this case, stood by and permitted, by his acts and conduct, Hudson to buy from Sanders the cedar posts in controversy without protest, then Dixon Brothers would be estopped in law from asserting a claim of prior ownership against Hudson; and you should find for defendant. Unless you so believe, you should find for the plaintiffs on the question of estoppel.

"5. That if you believe from the evidence that Hudson had notice of Dixon Brothers' claim to the timber, but, notwithstanding said notice, Hudson went upon the timber and per-

formed work upon it, and although Dixon Brothers knew of this, yet plaintiffs are not thereby estopped by such knowledge of such work. The plaintiffs claim this property by virtue of a contract and sale from one Sanders. The defendants, Massey Brothers, and Hudson, who is also a party defendant in this case, claim by virtue of a sale and delivery from Sanders to Hudson and from Hudson to Massey Brothers. I read you certain instructions to guide you in the determination of these questions in issue. The first question is, whether or not the property belonged to Dixon Brothers at all. The second question is, if it did belong to them, did they lose it by being estopped by their acts and conduct as herein defined? So I instruct you that if you believe from the evidence that, before the sale by Sanders to Hudson, Sanders had sold the timber to Dixon Brothers, then Sanders had no title to convey to Hudson, and you should find for plaintiffs, unless you should further find that plaintiffs were estopped as heretofore mentioned. If you find from the evidence in this case that the title to the timber was to immediately pass to Dixon Brothers as soon as the title relied upon by the plaintiffs was delivered, you should find the right of possession of the posts in question in Dixon Brothers, unless you further find from a preponderance of the testimony that Dixon Brothers were estopped as hereinafter set out."

The court refused to give the following instructions to the jury asked by defendants:

"1.    The jury are instructed that standing timber is realty, and a conveyance of realty to be valid must be in writing. And if you find from the evidence that the sale by Sanders to Hudson [evidently means Dixon Brothers] was not in writing, then such sale was void.

"2.    The jury are instructed that if they find from the evidence that it was intended by the writing in evidence from Sanders to Dixon Brothers to sell the red cedar upon certain lands near Shipp's Ferry to Dixon Brothers, with the right in said Dixon Brothers to pay therefor as delivered, it passed the title of all of said timber to said Dixon Brothers."

There was a verdict for plaintiffs, and defendants have prosecuted this appeal.

*Horton & South,* for appellants.

1. A sale is not complete so as to invest title in the purchaser so long as anything remains to be done between the buyer and seller before the commodity is to be delivered. 31 Ark. 162; 24 Ark. 550; 19 Ark. 567; 5 Ark. 161. Under the contract, appellees did not and could not become the owners of the timber until it was cut into posts and delivered as stipulated in the contract. Benjamin on Sales, 652, 661; Tiedeman on Sales, § 84*a*; Story on Sales (4 Ed.), § 315.

2. The terms of a written contract can not be varied by parol testimony. 30 Ark. 197; 21 Ark. 71.

3. The contract, when construed, shows that it was intended to create a lien in favor of appellees for a debt owed by Sanders at the time of its execution and for future advancements—an unrecorded and unacknowledged chattel mortgage. Hence Hudson could lawfully buy and sell the timber without regard to such lien. 40 Ark. 536; 33 Ark. 203. See, also, 20 Ark. 590; 2 Parsons on Contracts (6 Ed.), 491, 492.

*Gustave Jones,* for appellees.

The question of delivery by deed or contract is one of intention, which, when manifest, must control, and when the circumstances show unmistakably the grantor intended to divest himself of title and to invest same in the grantee, the delivery is complete. 1 Warvelle, Vendors, 492. The rule that title to goods does not pass so long as anything remains to be done to ascertain the quantity and price or cost of the article sold does not apply when there is delivery with intention to pass title. 31 Ark. 162; *Id.* 131; 62 Ark. 592; 60 Ark. 613; 68 Ark. 307; 35 Ark. 197.

2. Appellees bought all the timber then in the brake, and Sanders was proceeding to cut and haul it for them, of which Hudson had actual notice. When he went on the land and cut and removed timber, he became a trespasser, and appellees were entitled to recover the timber or posts in an action of replevin. 44 Ark. 210; 55 Ark. 310; 48 Ark. 277; 69 Ark. 442; 70 Ark. 99.

Wood, J. First. The correctness of the judgment depends primarily upon whether or not the contract under which appellees claim was a completed bargain and sale or an executory contract of sale. "Both these contracts being equally legal and

valid, it is obvious that, whenever a dispute arises as to the true character of an agreement, the question is one rather of fact than of law. The agreement is just what the parties intended to make it."

"It is always a question of intention, gathered from all the circumstances." Benjamin on Sales, page four and cases cited in American note, also p. 263; *Chamblee* v. *McKenzie,* 31 Ark. 162. If the written contract unequivocally manifests the intention of the parties, the court should declare its effect. But where, as in this case, it is not clear from the instrument, taken as a whole, as to whether the parties intended a present or future sale, the court properly submitted the question to the jury for determination.

It is said in *Chamblee* v. *McKenzie, supra,* that if it clearly appears to have been the intention of the parties that the property should be delivered and the title to have been passed, the mere fact that something remains to be done will not govern such intention.

There was no error in the instructions, and the verdict and judgment are sustained upon principles recognized in the above and recent cases. See *St. Louis, I. M. & S. Ry. Co.* v. *Wynne Hoop & Cooperage Co., post p.* 373; *Anderson-Tully Co.* v. *Rozelle,* 68 Ark. 307.

Second. The court did not err in refusing appellant's request for instructions one and two. These were covered by instructions given. No exceptions are reserved in the motion for new trial to the refusal to give requests numbered three, four and five.

Third. The question as to whether appellees were estopped by their conduct from treating the contract as an absolute bill of sale was also properly submitted to the jury in its instructions.

Judgment affirmed.