## MAXWELL *v*. FELKER.

### Opinion delivered May 2, 1921.

1. PLEADING—EXHIBITS.—In suits in chancery, the exhibits which are the foundation of the action become a fact of the record, and will control the averments of the complaint and the nature of the cause of action.

2. EVIDENCE—PAROL EVIDENCE TO EXPLAIN WRITTEN AGREEMENT.—In a suit to enforce a written agreement to redeem stock delivered to a bank in consideration of the surrender to the depositor of certain obligations owed by him to the bank, where the agreement is ambiguous on its face, oral testimony is admissible to explain the circumstances of its execution and the intention of the parties to the contract.

3. BANKS AND BANKING — CONSTRUCTION OF CONTRACT.—Evidence that defendant executed an instrument to a bank which recited that "twelve months after date I agree on proper notification to redeem $15,400 Jones Bros. & Co. preferred stock, 8 per cent. on same," and that defendant deposited preferred stock in the above amount with the bank for an indebtedness of $15,400, and subsequently executed an obligation to the bank in that sum, *held* to show that the instrument was intended to evidence an obligation to pay the sum of $15,400 on demand with 8 per cent. interest.

4. EQUITY—CONSTRUCTION OF CONTRACTS.—Equity looks at the substance, and not the form, in construing contracts, and will discard any mere surplusage and unmeaning words, or supply other words to carry out the obvious intention of the parties.

Appeal from Benton Chancery Court; *B. F. McMahan,* Chancellor; reversed.

*E. H. Thomas* (of Kansas City, Missouri) and *McGill & McGill,* for appellant.

1. The cause was transeferred to equity, and appellee, saving no exceptions to the order and having subse-

quently filed equitable defenses, can not now object. 74 Ark. 81; 92 *Id.* 46; 101 *Id.* 461; 105 *Id.* 669; 123 *Id.* 255.

2. Appellant did except to the transfer, and it was error to dismiss the cause if plaintiff was entitled to any relief at law or equity. 93 Ark. 376; 139 *Id.* 90; 107 *Id.* 70; 87 *Id.* 206.

3. It is not necessary that a contract in writing, not within the statute of frauds, shall express a consideration, as it may be proved by parol evidence or be inferred from its terms and obvious import. 6 R. C. L., § 64; 3 Enc. of Ev. 372, note 13. A written obligation for the payment of money imports a consideration and upon an issue of want of consideration the burden is on defendant. 33 Ark. 97; 21 *Id.* 69; 8 C. J., § 261. An agreement unilateral in form is not necessarily without mutuality or consideration. 6 R. C. L. 686-7; 119 S. W. 400; 34 Ark. 312; 113 *Id.* 586.

4. An agreement is not within the statute of frauds, if it is sufficient as a memorandum. It need not state the consideration unless the statute requires it. The contract here is simply an obligation to buy stock and contains all the elements necessary to satisfy the statute of frauds. 60 A. S. R. 434; 3 Ark. 97; 8 C. J., §§ 259, 260. The agreement furnishes the key by which every material element may be made definite and certain by proof. 85 Ark. 1.

5. The real nature of the transaction is established by a clear preponderance of the proof. The creditor is not required to return the security before bringing suit. When the debt is satisfied he must release it. The pledgor has the right to redeem and recover the security or pledge by paying the debt. 21 R. C. L. 683-5; 31 Cyc. 858, 862-3; 21 St. Enc. Prac. 460-2; 123 Ark. 528.

No particular formalities are required to constitute a pledge. The title does not pass to the pledgee only so far as it is necessary to carry out the purposes of the pledge. 21 R. C. L. 630-4; 31 Cyc. 785-9; 9 Enc. Ev. 856; 98 Ark. 379.

The renewal of the obligation with an extension of time of payment was a good consideration for the pledge of the stock. 21 R. C. L. 640. The instrument sued on is a direct obligation to pay money which the stock was pledged to secure. It is an *obligation* to pay money, and the stock was pledged to secure its payment. "Proper notification" means "on demand" or "when called for." 8 C. J. 404; 18 A. S. R. 345. See, also, 8 C. J. 530; 83 Ark. 278.

6. There is no limitation or laches here. If defendant suffered any loss on the collateral by and negligence or wrongful act of the bank he should have set up a counterclaim and offered proof to sustain it. 31 Cyc. 869-70.

7. The proof shows there was a consideration for the debt.

8. Defendant was not released from any claim of the creditors by the conveyance to a trustee for creditors, nor by any agreement with the bank commissioners.

*Dick Rice, Rice & Rice* and *Duty & Duty,* for appellee.

The complaint does not state a cause of action. The instrument sued on, nothing more than an agreement for the purchase of preferred stock, and falls within the terms of the statute of frauds and must be in writing and complete within itself. The agreement is incomplete and void because no consideration is expressed on its face, and it does not specify the price to be paid for the stock, and because it is not alleged nor proved that "proper notification" was given Felker, nor is it alleged or proved that the stock had any market value. The notes were void. The contract is within the statute of frauds and void. 91 Ark. 445; 107 *Id.* 629. See, also, 43 N. E. 575; 66 Pac. 914; 32 N. Y. App. Div. 237; 52 N. Y. Supp. 998.

Redemption implies a subsisting right as against a defeasible claim. 56 Ark. 139; 19 S. W. 497. The con-

tract is clearly within the statute of frauds. 37 Ark. 145; 99 N. Y. Supp. 392; 137 Fed. 143; 14 Atl. 671; 200 Fed. 318; 59 So. 191. The contract does not fix the price; this is essential. Pomeroy on Cont., § 148; 107 Pac. 874. See, also, 45 S. W. 303; 36 Okla. 429; 128 Pac. 1086.

There is no allegation nor proof that Felker's proposition was accepted. 100 Ark. 510; 140 S. W. 590.

Mutuality of contract must be shown or there is no binding obligation. 69 Wis. 43; 33 N. W. 110; 5 Atl. Rep. 103; 30 Ark. 194. A mere offer, unassented to, is not a contract; there must be acceptance. 92 N. E. 178. See, also, 131 Pac. 76; 137 *Id.* 1082; 170 N. C. 510; 87 S. E. Rep. 334.

No cause of action is stated, as there is no allegation of value of stock; nor is there any allegation that the stock is worthless. 36 Cyc. 560-1. If this is an action for damages for breach of contract, the measure of damages is the difference between the market value of the stock at the time it was agreed to be delivered to defendant and the sale price thereof. 100 Ark. 510; 140 S. W. 590; 98 *Id.* 546; 29 N. E. 760; 95 Pac. 803; 101 *Id.* 568.

A contract for sale of stock which can be obtained in the market will not generally be specifically enforced, as the buyer and seller has a sufficient remedy at law. Waterman on Spec. Perf. of Cont., § 19.

There is no allegation of damage in the complaint; no damage is shown. 29 N. E. Rep. 760.

WOOD, J. On Janaury 20, 1920, the appellant, as bank commissioner of the State of Arkansas, filed in the Benton Circuit Court an "amended complaint" in which he alleged "that the affairs of the Citizens Bank of Rogers, Benton County, Arkansas, were, on the 16th day of July, 1914, duly placed in charge of the Bank Commissioner of the State of Arkansas as an insolvent bank, for the purpose of liquidating its affairs, and that all of its assets were taken charge of by the Bank Commissioner, who has since that time been liquidating the same, but its affairs have never been fully liquidated and

wound up. That among the assets of said bank are 154
shares of preferred stock of Jones Brothers & Company,
an Arkansas corporation, which were duly issued by said
corporation to the defendant, J. E. Felker. Said shares
of stock were issued and delivered to the said J. E.
Felker as fully paid up stock; that the said J. E. Felker,
in consideration of the surrender to him by the said Cit-
izens Bank of Rogers of certain obligations which he
owed the said bank, on or about March 24, 1913, delivered
to and deposited with said bank the said shares of stock
together with a written agreement and obligation by the
terms of which he obligated himself, after twelve months
from said date on proper notification of said bank, to
redeem said stock together with eight per cent. interest
on the same; that the said agreement came into the pos-
session and control of the said Bank Commissioner, to-
gether with the said shares of stock, as a part of the as-
sets of said insolvent bank; *that the said shares of stock
had no market value when deposited in the bank or after-
ward, and never were worth half the amount of said notes
and afterward became worthless;* that, at the end of the
first year after receiving the said agreement and shares
of stock, the defendant, J. E. Felker, was not ready to
redeem the same, but executed and delivered to said bank
his note covering the interest on said shares of stock
up to the date of the execution of said note, which note
is also a part of the assets of said bank and is in the
possession and control of the planitiff herein; that, after
said bank was placed in charge of the Bank Commissioner
as aforesaid, the said commissioner duly notified the
defendant as required by said agreement and demanded
the redemption of said shares of stock by the payment
of the face value thereof and interest, but the said J. E.
Felker has failed and refused to redeem the same or to
pay the amount required therefor and had not paid any-
thing up to the filing of the original complaint in this
action which was on the 19th day of August, 1918, and has
made no payment since that time; that the plaintiff has
always been ready to receive the amount required to

redeem said stock and thereupon to deliver said stock to said defendant and holds the same subject to the orders of the court for that purpose." The prayer of the complaint was for judgment in the sum of $15,400.

The written agreement and obligation under which the shares of stock were delivered to and deposited with the Citizens Bank of Rogers, and which came into the hands of the Bank Commissioner was made an exhibit to the complaint and is as follows:

"Rogers, Arkansas, January 2, 1913.

Citizens Bank,

"Rogers, Arkansas.

Gentlemen:

"Twelve months after date I agree on proper notification to redeem $15,400 Jones Bros. & Co. preferred stock 8 per cent. on same.

"J. E. Felker."

The cause on motion of the appellee was transferred to the chancery court. The appellee filed an answer in which he set up, among other things, that the agreement sued on is within the statute of frauds and void; that the cause of action is barred by laches and the statute of limitations, and that the contract sued on is void for want of consideration; that plaintiff is estopped, and that all indebtedness to the plaintiff had been paid. Embraced in the answer was also a demurrer to the complaint.

The decree recites as follows: "The cause was heard on the amended complaint of plaintiff, demurrer and answer of defendant, and the evidence adduced, the complaint being by the court treated as amended to conform to the proof. The court sustained the defendant's demurrer to the complaint of the plaintiff on the obligation sued on, being a suit for the collection of $15,400 with accrued interest, on the ground that said complaint does not state facts to constitute a cause of action either in law or equity; and the plaintiff's complaint being treated as amended to correspond to the proof, said cause is dismissed." From that decree is this appeal.

The record shows that the court, on motion of the appellee, struck out the interlineation to the complaint, which alleged that "the said shares had no market value when deposited in the bank or afterward and never were worth the amount of said notes and afterward became worthless." But after this ruling the court heard the cause on the amended complaint, treating the same "as amended to conform to the proof."

There was testimony on behalf of the appellant to the effect that at the time the 154 shares of stock were deposited in the Citizens Bank of Rogers such stock had no market value, and that the appellee and the officials of the bank knew this.

We have set forth the amended complaint as it appeared before the above interlineation was stricken out, for it appears that the lower court treated it as if it contained the above allegation, "that the stock had no market value, etc," and we must so treat it.

There was also testimony to the effect that when the 154 shares of Jones Brothers & Company preferred stock—the $15,400—was delivered to and deposited by the appellee with the Citizens Bank of Rogers, it surrendered to him cancelled obligations to the bank for a like sum. But the testimony of the appellee further shows that, when the exchange was made, he executed the instrument, *supra,* which is exhibited with the complaint and is the foundation of this action. And he subsequently executed a note which was made up in part of, and included in it, the interest for one year on an obligation to the bank in the exact sum of $15,400. "In suits in chancery, the exhibits, which are the foundation of the action, become a part of the record, and will control the averments of the complaint and the nature of the cause of action." *Cox* v. *Smith,* 99 Ark. 218, and cases there cited.

Now, the instrument set out above, to say the least, is ambiguous on its face. Oral testimony was admissible for the purpose of explaining the circumstances of its execution and the intention of the parties to the contract.

*Massey* v. *Dixon,* 81 Ark. 337; *Jones* v. *Lewis,* 89 Ark. 368; *New York Life Ins. Co.* v. *Allen,* 143 Ark. 143-152.

There was testimony that appellee at the time of the transaction, was solvent. Since the stock of Jones Brothers & Company had no market value—was worthless—it is unbelievable that the officers of the bank, knowing such facts, would have accepted such stock as collateral to, much less in exchange and payment of, the notes of appellee to the bank. Even if they had done so, there was no necessity for, and no sense in, the transaction assuming the form of the obligation in suit. The subsequent execution of the note for accrued interest on $15,400 shows that the instrument under consideration was intended by the parties as an unconditional and binding obligation for the payment of the sum of $15,400. Whatever may have been the purpose of the bank and the appellee in changing the form by which the indebtedness of the appellee to the bank was evidenced, it was certainly not their intention to release the appellee from his primary obligation to pay the bank the sum of $15,-400. On the contrary, we are convinced that the only reasonable conclusion is that the instrument sued on was intended to evidence an obligation on the part of the appellee to pay to the Citizens Bank of Rogers, Arkansas, the sum of $15,400 on demand, with interest.

Equity looks at the substance and not at the form, and will discard any mere surplus and unmeaning words, or supply other words to carry out the obvious intention of the parties. Therefore, the words "proper notification" in the instrument were surplusage and could have no other purpose than if the words had been "on demand or notice." In the light of the testimony showing the intention of the parties to the transaction, and to effectuate such intention, we agree with the learned counsel for the appellant, that the instrument should be interpreted the same as if it had the following form:

Twelve months after date I promise to pay to the Citizens Bank of Rogers, Arkansas, the sum of fifteen thousand four hundred and no/100 dollars, with inter-

est at the rate of 8 per cent. per annum, for the redemption of $15,400 Jones Brothers & Company preferred stock.

The instrument so construed explains and controls the allegations of the complaint by which it is sought to enforce the obligation. It follows that the court erred in holding that the complaint did not state a cause of action and in sustaining the demurrer to the complaint. The decree is, therefore, reversed and the cause remanded with directions to overrule the demurrer to the complaint.