[No. 2910. Aug. 27, 1926.]

# HAAS BARUCH & CO. v. GROOMS SANITARY STORE.

[249 Pac. 1014.]

### SYLLABUS BY THE COURT

1. Whether a contract is a bargain and sale or an executory agreement for a sale depends upon the intentions of the parties, to be gathered from all the terms and stipulations of the contract taken in connection with the circum-

[1] 3CJ p. 808 n. 91; 35Cyc p. 277 n. 9, 12; p. 278 n. 17, 22. [2] 4CJ p. 779 n. 76.

stances of the transaction, and is generally a question of fact.

2. The case being tried to the court sitting as a jury and no findings of fact or conclusions of law being asked or given, it is presumed from the general finding in favor of the appellee that all the issues were found in appellee's favor which were necessary to support the general finding.

Appeal from District Court, Otero County; Ed. Mechem, Judge.

Action by Haas Baruch & Co., against the Grooms Sanitary Store, a copartnership. From a judgment for defendant, plaintiff appeals. Affirmed.

York & Gardner, of Alamogordo, for appellant.

J. Benson Newell, of Alamogordo, for appellee.

### OPINION OF THE COURT

BICKLEY, J. Appellant, a corporation (plaintiff), sued appellee, a copartnership (defendant), on an open account for merchandise furnished appellee in the amount of $179.56. Appellee filed its answer admitting that it was indebted to appellant in the said amount, but counterclaimed in the amount of $120 by reason of a breach of contract between appellant and appellee in the sale of beans, claiming that appellant failed to deliver 40 sacks of beans according to the contract price, and that it was compelled to purchase beans in the open market and was compelled to pay $120 in excess of the contract price. Appellee tendered the sum of $59.56, the amount which they admitted owing appellant. Appellant answered the counterclaim admitting the contract for the sale of 40 sacks of beans on October 26, 1922, but claimed that said contract of sale was conditioned "on arrival" of beans at El Paso. Upon such issues trial was had before the court without a jury, and judgment was rendered in favor of appellant for $59.56, which was the amount sued for less the amount claimed by defendant on its counterclaim. There were no separate findings of fact or conclusions of l w made by the court and none asked by either of the parties.

On behalf of defendant testimony was offered that on October 25th the representative of the plaintiff sold to defendant 25 sacks of pinto beans, representing that his house in El Paso had the billing on the beans and that there was no question but that defendant would get them, while if purchase was made from others defendant might be disappointed. Copy of the order is as follows:

"October 25, Vuillaume Grooms Sanitary Gro., Alamagordo, N. M., 25 sack Pinto beans, 8.00 On arrival."

On the next day defendant ordered an additional 15 sacks of beans, which order was as follows:

"October 26, Vuillaume Grooms Sanitary Gro., Alamagordo, N. M., December 31st delivery. 25 can xx Y. F. peaches 5.75; 25 can xx apricots 6.65; 15 sacks pinto beans 8.00."

The negotiations resulting in the contract were conducted by a personal representative of the plaintiff and a representative of the defendant. Defendant's representative testified without objection that the representative of the plaintiff told him that the plaintiff had a bill of lading showing that the beans had been shipped from Colorado to plaintiff; that they were then in transit, and that the beans might be in El Paso at the time the order was solicited; that he, the representative of the defendant, understood that the phrase "on arrival" had reference to the time of delivery of the beans, and that from the conversations it appeared that they might be two or three days late in arriving on account of transportation delays; that plaintiff's representative explained that these words, "on arrival," were inserted so as to show that defendant was not in any hurry for the beans. The second order did not contain the words "on arrival."

Appellant says in its brief that there is but one question in the case, namely, "the proper construction of the phrase 'on arrival.' " Appellant cites 23 R. C. L. Sales, p. 1333, § 154, to the effect that:

"A frequent form of contract is for the sale of goods

'to arrive' or other equivalent words, that is, a sale of goods expected by the parties to arrive from a distance. It has uniformly been held that contracts of this description are conditional, the words 'to arrive,' or other equivalent words, not importing a warranty that the goods will arrive, and the obligation to perform the contract by an actual transfer of the property being, therefore, in the absence of other words showing a contrary intent, contingent upon its arrival.''

That may be good law, and yet the appellant not be entitled to a reversal in this case. It is claimed by the defendant that the circumstances and assurances of the plaintiff's representative did show an intent contrary to the usual meaning of such words ''on arrival.'' The same article in 23 R. C. L., at section 221, declares that:

"Parol evidence is generally held admissable to show the meaning intended by the parties, where terms used in a contract of sale have an ambiguous or uncertain meaning.''

There was no showing or offer by appellant to show that the phrase ''on arrival'' had any definite trade meaning.

The appellant cites Rogers v. Woodruff, 23 Ohio St. 632, 13 Am. Rep. 276, to the effect that evidence is inadmissible to prove that the parties intended otherwise than as defined by the text heretofore quoted (section 154.) This statement seems not to be in accord with the general rule, but, if a correct statement of the law, it does not avail appellant, because it made no objection to the introduction by defendant of the evidence tending to show that the parties understood the phrase ''on arrival'' to qualify the time of delivery merely, that is, that the beans were to be delivered ''on arrival.''

Appellant's representative, testifying, contradicted to some extent the witness for the appellee.

[1]   Upon all the evidence in the case arose a question of fact as to what was the contract between the parties and what was their intention as the same might be determined from all of the circumstances surrounding the transaction. It is frequently said that whether

a sale of personal property is complete or is only executory is to be determined from the intent of the parties as gathered from the contract, the situation of the thing sold, and the circumstances surrounding the sale. See Morgan v. King, 28 W. Va. 1, 57 Am. Rep. 633; Hood v. Block, 29 W. Va. 244, 11 S. E. 910; Horton v. Wright Barrett & Stillwell Co., 36 N. D. 622, 162 N. W. 939; Phillips Sheet & Tin Plate Co. v. Stephens Adamson Mfg. Co. (C. C. A.) 274 F. 188. Following are a few quotations from the decisions in other cases which are illustrative:

"In an action for breach of contract for the purchase of wheat, 'subject to Louisville terms,' what the parties meant by the quoted phrase held a question for the jury." Cassells' Mill v. Strater Bros. Grain Co., 166 Ala. 274, 51 So. 969.

"Where it is not clear from a written contract of sale as to whether the parties intended a present or future sale, the question is for the jury." Massey Bros. v. Dixon Bros., 81 Ark. 337, 99 S. W. 383.

"Whether a contract is a bargain and sale or an executory agreement for a sale, depends upon the intention of the parties, to be gathered from all the terms and stipulations of the contract, and is generally a question of fact." Lester v. East, 49 Ind. 588.

"In agreements for the sale of personal property, the principal question is the intention of the parties, which is to be ascertained from a correct determination of the contract, taken in connection with all the circumstances of the transaction." Levasseur v. Cary (1886), 1 New Eng. Rep. (Me) 893; 24 Am. and Eng. Ency. Law (2nd Ed.) 1023.

"It has also been held that business usages prevalent at the time and place of the contract may bear on the question of intention." J. B. Lyon & Co. v. Culbertson, Blair & Co. (1876) 83 Ill. 33, 25 Am. Rep. 349; Oldershaw v. Knowles (1879) 4 Ill. App. 63; Morningstar v. Cunningham (1887) 110 Ind. 328, 11 N. E. 593, 59 Am. Rep. 211.

"In every case, therefore, where the question of the sale of personal property is involved, it is for the jury, or the trial court if the trial is without a jury, to ascertain the true intentions of the parties to the contract of sale, and each case must stand upon its own peculiar evidence." Beatty v. Miller, 47 Ind. App. 494, 94 N. E. 897.

"The testimony upon this and other material points contained in the record, it will be seen, is largely conflicting,

and, as the contract sought to be enforced was made out partly by written and partly by oral evidence, they were questions clearly to be determined by the court, sitting as a jury, upon proper instructions by the court on the law of the case." Sullivan v. Boswell, 122 Md. 539, 89 A. 940.

"Contract for sale of cotton linters 'f. o. b.' common points held not so unambiguous as to require court to hold as a matter of law that seller be required to pay freight charges, where shipments were made from other points at a less rate than common points; the question being one of fact to be determined under the evidence." Early-Foster Co. v. W. F. Klump & Co. (Tex. Civ. App.) (229 S. W. 1015.)

[2] The judgment of the lower court shows that the court found the issues of fact on the counterclaim in favor of the defendant. There being no specific findings of fact and conclusions of law, we assume that all of the issues of fact, including the intention of the parties imported by the use of the phrase "on arrival," were found in favor of the defendant. We find substantial evidence in the record to support the general finding and judgment of the court.

Finding no error in the record, the judgment of the lower court is affirmed; and it is so ordered.

PARKER, C. J., and WATSON, J., concur.