104 P.2d 735

DAMON v. CARMEAN et al.

No. 4557.

Supreme Court of New Mexico.

July 31, 1940.

R. E. Rowells and Harold O. Gore, both of Clovis, for appellant.

T. E. Mears and T. E. Mears, Jr., both of Portales, for appellees.

SADLER, Justice.

This appeal presents for review a judgment canceling a purported tax deed to lands in Roosevelt County. It was relied upon by plaintiff in a suit to quiet title against defendants, record owners of the land. The defendants were ordered to reimburse plaintiff within a time stated the amount paid for the tax certificate on which the deed was based plus all additional

amounts paid out by him on account of taxes and he was given a lien on the land to secure this judgment in his favor.

The defendants answered interposing numerous defenses to the plaintiff's complaint as, for instance, that there was no tax sale held; that the purported tax deed and the certificate upon which it was based were both issued and dated the same day contrary to the requirement of Laws 1934, c. 27, § 17, as amended by Laws 1937, c. 180, § 1, providing that tax deeds' shall issue two years from date of tax sale certificate; and, particularly, that the defendants, who were non-residents, had made diligent efforts within the period of redemption to secure from the county treasurer a statement of the amount of taxes against said land, delinquent and unpaid, and had tendered and offered to pay to him the amount thereof and had at all times stood ready, able and willing to pay said taxes renewing said tender in the answer filed, but were unable to get a statement from him of the amounts so due. Other defenses also were put forward. The trial court found generally all of the issues in favor of the defendants and rendered judgment as aforesaid.

■ A minor claim of error may be disposed of very speedily. It challenges the action of the trial court in making and filing specific findings of fact and conclusions of law on January 12, 1940, following entry of final judgment on October 27, 1939. They were filed too late and cannot be considered. The trial court had lost jurisdiction of the judgment for this purpose. Hale v. Farmers' Electrical Membership Corporation, 44 N.M. 131, 99 P.2d 454. However, this is not decisive. We simply disregard the findings thus unseasonably made and proceed with our review of the judgment.

The principal claim of error challenges the action of the trial court in overruling objections to the admission of certain testimony offered by defendants to impeach the validity of the tax sale. The plaintiff, invoking the curative provisions of Laws 1934, c. 27, under which the property was sold for delinquency in payment of the 1934 taxes, if the sale was valid, objected to the admission of any evidence tending to impeach the tax title, unless defendants first established that the land was not subject to taxation, or that the taxes had been paid before sale, or that it had been redeemed after sale. All objections were overruled, the testimony was admitted, and the plaintiff was allowed his exceptions.

■ We find it unnecessary to pass upon the error assigned. The court made a general finding only. The plaintiff neither tendered specific findings prepared by him nor requested the court to make its own. Such being the case, an appellant is not entitled to invoke a review of the evidence by this court, it being presumed there is evidence to support the material issues raised by the pleadings. Haas Baruch & Co. v. Grooms Sanitary Store, 31 N.M. 611, 249 P. 1014; McCulloh v. Doyle, 40 N.M. 126, 55 P.2d 739; Torres v. Thompson, 43 N.M. 160, 87 P.2d 675.

If we assume for purposes of this decision that each of plaintiff's objections was good and overlook the fact that he relies on a tax deed issued less than two years from date of the tax sale certificate (Laws 1937, c. 180, § 1, amending Laws 1934, c. 27, § 17), there still is no decisive error presented for review. Within the allegations of defendants' answer, evidence was admissible showing a tender which, completed by payment, would relate back to a time antedating the sale and thus forestall the right to sell at all. State ex rel. McFann v. Hately, 34 N.M. 86, 278 P. 206. We do not search the record to see if such evidence was adduced but this will be presumed in support of the general finding. The judgment will be affirmed and it is so ordered.

BICKLEY, C. J., and BRICE, ZINN, and MABRY, JJ., concur