106 P.2d 854

**HARDY v. CLARK.**

No. 4530.

Supreme Court of New Mexico.

Oct. 9, 1940.

Wesley Quinn, of Clovis, for appellant.

Don G. McCormick, of Hobbs, for appellee.

SADLER, Justice.

The defendant as executor of the last will and testament of Cordelia L. Hardy, deceased, appeals from a judgment of the district court of Lea County allowing a claim against the decedent's estate in favor of plaintiff as claimant in the sum of eighteen hundred and one ($1,801) dollars with interest and attorney's fees. The claim was heard in the district court after removal of the probate proceedings into that court from the district court.

The note, evidencing a credit, was one signed by the decedent as a maker as an accommodation for her son, Neval S. Hardy, to establish credit for him with plaintiff to the extent of two thousand ($2,000) dollars for the purchase of oil and gas in the operation of a filling station presently to be undertaken by the son. The latter employed the credit to the full extent of the amount for which judgment was taken.

In the claim filed the note was described as a joint note signed both by the son and his mother, the decedent. This description was due, as explained at the trial, to plaintiff's attorney having taken it from a recital in an assignment of royalty given by the mother as security, rather than from the note itself. When presented the note bore the signature of the mother only. Apparently, through inadvertence, the son failed to sign the note as contemplated, since said assignment of royalty executed as a part of the same transaction recites that she "has this day executed her joint promissory note with Neval S. Hardy for the principal sum of $2000.00", etc.

The main contention of defendant at the trial was that the signature on the note was not that of the testator. He admitted that Neval S. Hardy was indebted to plaintiff in the amount claimed. The latter testified there was but the one note and the court found it bore the genuine signature of the testator; that for a valuable consideration she made, executed and delivered same to plaintiff in the sum of two thousand dollars as claimed and that there was due thereon the amount for which judgment was taken.

Before proceeding to the merits, plaintiff insists there is nothing before us for review, since defendant neither excepted to the findings made nor requested others. Fairly appraised, the defendant's single claim of error is that the findings of the trial court in reference to the note are not supported by substantial evidence when viewed in the light of the requirement of 1929 Comp., § 45-601, that judgment against the estate of a deceased person may not rest upon the uncorroborated evidence of a claimant in respect of any matter occurring before the death of the deceased person, particularly where the note sued upon is described as a joint note and when produced in evidence is shown to be one signed by decedent alone.

All of these matters appear to have been established favorably to the re-

592

sult declared as reflected by the findings made and the judgment rendered. The attorney then representing the defendant, who is not the attorney now appearing for him in this court, neither excepted to the findings made nor tendered findings of his own. Under such circumstances, as we often have held, we do not review the evidence to ascertain whether it supports the findings made. Sterling v. Burran, 42 N.M. 216, 76 P.2d 469; Wells v. Gulf Refining Co., 42 N.M. 378, 79 P.2d 921; Damon v. Carmean, 44 N.M. 458, 104 P.2d 735. As the record stands, the only question subject to review is whether the findings made support the judgment. That they do seems obvious. The appellant does not even assert the contrary. The judgment will be affirmed.

It is so ordered.

BICKLEY, C. J., and BRICE, ZINN, and MABRY, JJ., concur.