HEINEMANN v. PENNINGTON.

4-6412                                    152 S. W. 2d 537

Opinion delivered June 16, 1941.

*Kaneaster Hodges* and *Paul K. Holmes, Jr.,* for appellant.

*J. Vernon Ridley* and *Pickens & Pickens,* for appellee.

HOLT, J. C. L. Hohn, who owns farm land in Jackson county, Arkansas, contracted in writing with S. O. Ivy for the construction of certain improvements on his property. Hohn was a tenant-purchaser of the Farm Security Administration (F. S. A.) and the improvements were made with its approval. The contract was dated July 18, 1939, and provided that Ivy should furnish all the materials and perform all the work required to construct one dwelling house, one barn, one poultry house and one smokehouse, for a consideration of $1,795, "less salvage deducted $140," making the cash consideration after deducting the $140 salvage allowance, $1,655.

The contract further provided that work should start within ten days from the date of approval of the contract and completed within sixty days from the date of authorization to begin work, and that should Ivy fail to complete the contract according to its terms, Hohn could terminate it by giving written notice to Ivy, take possession and utilize such materials as may be on the site of the work.

Ivy began work in August and on September 23, 1939, by bill of sale, sold to appellee an old three-room box dwelling house (referred to in his contract with Hohn as "salvage") located on the land for a consideration of $90, $60 being paid in cash and the remaining $30 to be paid "on delivery of possession of the property." The

bill of sale also contained this recital "having taken said house as a part consideration for building the residence."

In his efforts to perform the contract, Ivy became indebted to appellants, Heinemann & Wilf, for materials in the amount of $1,000 to each, or a total of $2,000, and was unable to pay them. Approximately nine months after Ivy began work (April 24, 1940) Hohn terminated the contract by written notice to Ivy.

April 30, 1940, appellants, Heinemann & Wilf, with the approval of the F. S. A., entered into a written contract with Hohn to complete the construction begun by Ivy. This contract provided: "I, S. Heinemann, and Wilf Lumber Company of Jackson county, state of Arkansas, hereby offer to furnish all labor and materials and perform all work required for complete construction house plan No. 7, barn plan No. 3, poultry house 50C, and smoke house 412-1 for the consideration of $1,383.60. The work shall be commenced on April 30, 1940, and shall be completed on or before June 1, 1940. It is agreed that in the event this offer is accepted in writing by you, the offer must be approved in writing by the representative of the Farm Security Administration, U. S. Department of Agriculture, before it becomes binding on either of us. The work to be performed and labor and materials to be furnished by me hereunder must meet with the written approval of said representative before you are obligated to pay therefor."

At the time this latter contract was entered into the old dwelling house was still standing and had not been removed from the property by appellee. In July, 1940, Heinemann & Wilf sold this old dwelling house to Luther Victory, who demolished and removed it.

Appellee, drainage district, brought suit against appellants and Luther Victory, alleging in its complaint that it was the owner of the building in question, having purchased it from S. O. Ivy; that appellants (defendants below) knew it was the owner, but nevertheless demolished it and carried it away; and asked for damages in the amount of $300.

Luther Victory answered that he had purchased the building from appellants, who warranted the title. Ap-

pellants, Heinemann & Wilf, answered that they were partners and denied generally the allegations of the complaint.

At the conclusion of all the testimony, the trial court gave a peremptory instruction to the jury in favor of appellee to the effect that the undisputed evidence showed that the house in question belonged to appellee under its purchase from contractor Ivy, and submitted to the jury for determination the question of the value of the house in question. The jury found the value to be $250 and from a judgment on this verdict comes this appeal.

For reversal appellants urge here that (quoting from their brief): "The trial court erred in refusing to submit to the jury the question whether title to the house passed to Ivy, permitting his sale of it to appellee."

The evidence presented in this record is undisputed. All parties to this litigation understood what was meant by the following provision in the contract between Hohn and Ivy: "Less salvage deducted $140." All understood it to mean an old three-room box dwelling house. The value of this salvage was deducted from the contract price of $1,795. Ivy had the right as the owner of this house to sell it and apply the proceeds as he might think best, or to demolish the house and use the materials in the construction of the buildings which he had contracted to erect.

While it is true that appellee did not remove the building after its purchase from Ivy, appellants admitted that they knew long before they sold this building to Luther Victory Ivy had sold it to appellee. On this point we quote from appellant Heinemann's testimony: "Q. You say Mr. Pennington told you before you ever took over that and started the work out there that he had bought the house and paid for it? A. Yes, sir. Q. He told you that before you ever agreed to take it over didn't he? A. Yes, sir."

Hohn, who testified on behalf of appellants, did not say that appellants were to have the house as part of the consideration for completing Ivy's contract. It will be observed from the contract set out, *supra*, between

Hohn and appellants that the sole consideration mentioned therein is $1,383.60. Nowhere in that contract is this house in question, or the salvage therefrom, mentioned as any part of the consideration.

On the other hand, under the terms of Ivy's contract with Hohn, Ivy became the owner of, and took the house in part payment for his work. Its value, $140, was deducted from the contract price and constituted payment to him in the same manner as payments of money to him on the contract. As we have said, appellants admit that they knew of the sale of the house from Ivy to appellee long before their contract, *supra*, with Hohn and it is our view that appellants never at any time acquired title to the house or the right to possess and dispose of it.

It is also our view that on the facts presented here an actual manual delivery of the house in question to appellee was not necessary in order to pass title to appellee. The rule on this point is clearly stated in 24 R. C. L. 56, § 320, in this language: ''In the case of the sale of bulky or ponderous articles which from their nature are not capable of a manual possession, the same indicia of a delivery and change of possession is not required to sustain the sale as against creditors of the seller as in the case of articles readily movable.'' In support of the text, the author cites *McDermott* v. *Kimball Lumber Co.,* 102 Ark. 344, 144 S. W. 524, 36 L. R. A., N. S., 466, and in that case this court said: ''Thus, in the case of *Lynch* v. *Daggett,* 62 Ark. 592, 37 S. W. 227, it was held that a contract of sale was complete, although the property was thereafter to be moved by the seller to the place named. In the case of *Anderson Tully Co.* v. *Rozell,* 68 Ark. 307, 57 S. W. 1102, it was held that a sale was complete and the title to the lumber passed to the buyer although it was thereafter to be hauled to another place and there measured, and the balance of the purchase price determined by such measurement was then to be paid.''

No error appearing, the judgment is affirmed.