MISSISSIPPI HOME INSURANCE COMPANY *v.* ADAMS.

Opinion delivered November 25, 1907.

1.  CONTRACT—CONSTRUCTION.—Where a contract of employment of insurance agents stipulated that, in addition to a flat commission on the net premiums for business written, a contingent commission of ten per cent. should be paid on the profits of the business after deducting expenses, reinsurance, return premiums and losses for the current year, to be first computed one year from date and at the end of each year thereafter, and that the contract might be terminated by either party on giving thirty days' notice, and the contract was terminated by the insurance company before the end of the first year, the contingent commission was earned and settlement thereof was required at the termination of the contract. (Page 434.)

2.  SAME.—Where a contract of employment of insurance agents by the year provided that they should receive an annual contingent commission of a certain percentage of the profits of the business after deducting the expenses, reinsurance, return premiums and losses for the current year, and that the contract might be terminated at any time on thirty days' notice, and the contract was terminated before the end of the current year, the agents are entitled to the contingent commission after deducting the expenses, reinsurance, return premiums and losses that had accrued at that time. (Page 435.)

3. SAME.—Where a contract of employment whereby the employer agreed to pay the employee a percentage of the profits fixed the basis for determining the profits, the parties will be bound thereby. (Page 435.)

4. SAME—AMBIGUITY.—In case of doubt, a contract will be construed most strongly against the party who wrote it. (Page 435.)

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; affirmed.

### STATEMENT BY THE COURT.

The firm of Adams & Boyle, insurance agents, were employed by the appellant, a foreign corporation, to establish and conduct for appellant the business of fire insurance in this State. Under the contract appellees were general agents, with all the powers, duties, and the obligations of such. Appellees were to pay all expenses incident to the business except legal expenses in resisting losses. As compensation for its services in planting the business and conducting it, the contract provided: "Fourth: The party of the first part (appellant) agrees to pay the parties of the second part (appellees) a flat commission of thirty per cent. (30%) on the net premiums for business written in said State, meaning thereby the gross premiums, less return premiums and reinsurance; said commission to be in lieu of all expenses whatsoever, except legal expenses in resisting losses. A further contingent commission of ten per cent. (10%) is to be paid to the parties of the second part on the profits of the business after deducting all expenses, reinsurance, return premiums and losses for the current year; said contingent commission to be first computed on August 1, 1906, and at the end of each year thereafter."

There were various provisions in the contract defining the duties of the respective parties to it, unnecessary to be set forth here. The contract contained these further provisions:

"Ninth: This agreement may be terminated at any time by either party after giving thirty (30) days' written notice to the other, in which event payment of compensation as above provided shall be made, and will be in liquidation of all payments to the party of the second part by the party of the first part.

"Tenth: This agreement will take effect from date."

The contract took effect August 8, 1905. The contract was terminated on the 1st of December, 1905, after giving the notice

specified in the ninth paragraph *supra*. Appellant sued appellees for the sum of $1,010.69, which it claims appellees were due upon a settlement as per terms of the contract. Appellees denied liability. On the termination of the contract, appellees rendered a statement of their accounts with appellant as of that date, showing that the amount of the net premiums, after deducting reinsurance, commissions and three-sevenths of the amount paid for entrance fee, and certificates to agents, and losses incurred and paid, was $9,254. Appellees credited themselves with ten per cent. of this amount, as their contingent commission under the contract.

This credit of $925 contingent commission, which appellees claim, was disputed by appellant. Appellant contends that under the terms of the contract the settlement of appellees' contingent commission should be made on August 1, 1906, and it adduced proof to show that on that day the business that had been written by appellees had resulted in a loss to appellant of $1,400.64, not taking into account the unearned premiums, and that if these were deducted the loss would be $20,885.15. Appellant contends that the unearned premiums should be deducted, and that in no event, making the settlement as of August 1, 1906, was there any amount due for contingent commission.

Appellees, on the other hand, contend that their contingent commission was due on the day of the termination of the contract, that final settlement should be made on that day, and that appellant was due appellees a contingent commission on all the premiums received by appellant on business that had been written by appellees at that time after deducting 30 per cent. for flat commission, the amount paid for reinsurance, losses incurred and paid at that time, and an amount representing three-sevenths of the sum which appellees had paid for entrance and license fees, said sum being for time unexpired.

Appellees testified to the correctness of the statement of account which it had rendered in accordance with its contention. The trial court sustained appellees' contention, and rendered judgment in their favor.

The motion for a new trial contained only one ground, namely, "that judgment is contrary to the evidence." This being overruled, appellant prosecutes this appeal.

*Rose, Hemingway, Cantrell & Loughborough,* for appellant.
*Ashley Cockrill,* for appellees.

In construing the contract, the whole of it must be considered, and, if possible, effect given to every part of it.  9 Cyc. 579, 583, 587; 1 Crawford, Dig. 371.  Where a contract is susceptible of two constructions, it will be construed most strongly against the party writing it.  9 Cyc. 590; 74 Ark. 45; 73 Ark. 338.

Wood, J., (after stating the facts.)  First.  It is obvious from the provision of the contract, to-wit:  "Said contingent commission to be first computed on August 1, 1906, and at the end of each year thereafter," that the parties to it contemplated that the contract might last more than one year.  Yet the provision following this, in paragraph "ninth," shows that the parties did not make this time for the computation of the contingent commission of the essence of the contract, because in this latter provision the right to terminate the contract by either party on thirty days' notice is expressly reserved.  And payment "in that event" of compensation as provided in paragraph *"fourth"* shall be made, and will be in *liquidation of all payments* to the party of the second part by the party of the first part.  The last paragraph must be taken to qualify the preceding one, and the two together mean that, if the contract should continue till the first of August, 1906, and for years thereafter, the time for the computation and settlement of the amount due under the provision for a contingent commission should be the first day of August of each recurring year that the contract continued.  But, if it should be terminated earlier, then the computation of the contingent commission should be made, and settlement thereof had, at the time the contract was terminated.  The basis of the computation as to the amount to be paid for the part of the year while the contract is in existence is the same as if the contract had continued for the full year.  The only difference is that when the contract is terminated the settlement must be made then of all that is due under it.  And when the contract is ended all commissions by way of compensation are due, and the computation of the amount and the payment thereof cannot be postponed.

This is the only reasonable construction of which the contract is susceptible, when all of the terms of the two paragraphs

are considered. It is our duty, in arriving at the intention of the parties, to give force and effect to all the provisions, and every word, if possible. The language, as a whole, should, if possible, be so construed as to make the apparently conflicting provisions reasonable and consistent, and so as not to give one of the parties an unfair and unreasonable advantage over the other. 9 Cyc. 579, 583-587 and authorities cited. *Kelly* v. *Dooling, 23* Ark. 582; *Railway* v. *Williams,* 53 Ark. 58.

It follows that the court was correct in concluding that the computation should be made and the settlement had as of the day of the termination of the contract.

Second. As we construe the contract, the amount of the contingent commission should have been computed on the following basis: Appellees should have been allowed a commission of ten per cent. on the premiums on business written by them at the time of the termination of the contract, less "expense, reinsurance, return premiums, and losses" that had accrued at that time. This would show the profits of the business at that time, and is according to the very terms of the contract. It is insisted by appellant that the amount should be still further reduced by the unearned premiums; that there could be no showing of profits unless the unearned premiums were taken into the account. But the answer to this is that by the plain terms of the contract the parties have specified that the profits are to be estimated by what remains "after deducting all expenses, reinsurance, return premiums and losses." Having undertaken to enumerate the things that should be considered, the things not mentioned can not be supplied by inference or intendment, for the very terms of the contract show that the parties had in mind the things that they intended should govern in fixing the basis for the estimate, and the mention of these necessarily excluded others not mentioned. If no mention had been made of the things to be deducted, and the contract had read that "a contingent commission of ten per cent. was to be paid the parties of the second part on the profits of the business," then it would have been a matter of proof *aliunde* as to what should be deducted in order to ascertain whether there were profits. But here the contract has fixed the definite standard; and, as appellant has written the contract, in case of doubt the words will be construed against it. 9 Cyc. 590;

*Leslie v. Bell,* 73 Ark. 338; *Allen-West Com. Co.* v. *Peoples' Bank,* 74 Ark. 41.

The burden of proof was on appellant. It adopted an erroneous theory as to the time when the contingent commission was to be computed and settled under the contract, and failed in its proof to show that appellees had received more than the contract authorized.

Judgment affirmed.