# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

FORD *v.* FIX.

## Opinion delivered March 2, 1914.

1. SALES—PARTNERSHIP—LIABILITY.—A. sold .his interest in a stave·
business to B. and guaranteed "the amount paid on account of F.
county staves," and agreed that the profits from the sale of staves
should be divided between A. and B; where the other partner sold
staves and appropriated the proceeds, *held*, A. was liable to B.
for the difference between the amount received by B. from the
staves on hand and the amount paid by him to A; but not for ex-
penditures by B. in hauling and handling the staves, or his share
in the profits on the staves sold by the other partner. (Page 4.)

2. EVIDENCE—CONTRACT OF GUARANTY—PAROL EVIDENCE TO VARY.—A
written guaranty to the purchaser of an interest in a stave busi-
ness, guaranteeing the amount paid by him, can not be varied by
parol proof that the guarantor guaranteed the amount of staves
on hand, the good faith and honesty of another party, nor that
he should be reimbursed for .expenditures in .the business.
(Page 5.)

3. SALES—CONTRACT OF GUARANTY—DUTY OF PARTIES.—When the seller
of an interest in a stave business agreed to guaranty the amount
paid therefor, and the buyer agreed to give him a certain amount
of the profits, it is the buyer's duty to sell the staves at the best
advantage and to act in good faith. (Page 5.)

4. CONTRACTS—CONSTRUCTION.—In construing a contract any doubts
must be resolved against the party who wrote the contract.
(Page 6.)

Appeal from Cleburne Chancery Court; *George T.
Humphries,* Chancellor; reversed.

## STATEMENT BY THE COURT.

The appellee and one Ausley were partners in the
stave business in Faulkner County. Appellee furnished
the money and Ausley produced the staves. In July,
1912, the parties had made about 80,000 staves and ap-

pellee had furnished $1,607.43. At that time appellee, being desirous of selling his interest, began negotiations with appellant to that end, which resulted in a sale by the appellee of his stave business to appellant for the sum above mentioned. Appellant had not examined the staves and had not gone into the matter in detail. To induce appellant to take over the interest of appellee, appellee executed the following instrument: ''Little Rock, Arkansas, July 20, 1912. I hereby guarantee to F. P. Ford the amount paid on account of Faulkner County staves and any profits arising from the sale of same is to be divided as follows: T. E. Ausley one-half profits, F. P. Ford one-fourth profits, and H. F. Fix one-fourth profits, sales and marketing of staves to be had to the best advantage.''

It will be seen by the terms of this guaranty, which appellant accepted, that he had agreed, in consideration of the guaranty, to give appellee one-fourth of the profits made in the business.

The appellant sued the appellee, setting up that after his purchase of appellee's stave business, which was done with the consent of Ausley, he expended, in addition to the amount paid appellee for said business, the sum of $345.15, making a total investment for himself of $1,952.60 in the business. He alleged that he sold three car loads of staves for the sum of $1,379.85 and that there were remaining four car loads to be disposed of which were worth $1,900; that, without appellant's knowledge or consent, Ausley shipped and marketed these four cars and appropriated the proceeds to his own use; that appellant's profits on said four cars was $357; that Ausley had refused to pay to the appellant his share of the profits from the sale of the four cars, and that appellee had refused to settle with appellant for the money due him on appellee's guaranty. Appellant set up that appellee and Ausley were non-residents of the State and that appellee had property in the State and county in which the suit was brought. Appellant prayed that the partnership be wound up, an accounting had, and that the rights of all

parties be determined and settled, and he prayed for judgment against Ausley and the appellee in the sum of $972.75.

Appellee answered, admitting that he sold his stave business to the appellant, but he denied that he guaranteed the safety of the amount of the $1,607.43 paid him by appellant, and denied that he guaranteed a return to appellant of the money which appellant might thereafter invest in the stave business. He set up that appellant agreed to give his personal attention to the business, in connection with T. E. Ausley, and to make a sale of the stock of staves then on hand to the best possible advantage and to render to appellee one-fourth of the profits that might be made by appellant out of the sale of the staves then on hand sold by appellee to appellant. He denied that he was indebted to the appellant in the sum alleged in his complaint.

Appellee set up, by way of cross complaint, that appellant agreed to devote his entire time to the business and that he wholly disregarded this agreement, and on account of his negligence in failing to properly look after the business and to make sale of the staves then on hand as he should and could have done appellee lost in profits under the contract the sum of $500. He set up that he had been damaged in the sum of $1,360 by reason of the wrongful attachment of the property of appellee. Appellee therefore prayed judgment on his cross complaint in the sum of $1,860.

The court rendered a decree in favor of appellee, and this appeal has been duly prosecuted. Other facts stated in the opinion.

*Shackleford & Reigler* and *Manning, Emerson & Morris,* for appellant.

Oral testimony can not be considered for the purpose of varying the terms of a written instrument. 94 Ark. 130; 80 Ark. 507; 80 Ark. 163; 86 Ark. 162; 88 Ark. 213; 95 Ark. 131; 99 Ark. 400; 102 Ark. 575; Greenleaf on Evidence, § 275.

*Mitchell & Thompson,* for appellee.

Wood, J., (after stating the facts). The undisputed evidence showed that appellant paid to appellee for his interest in the stave business the sum of $1,607.43. There were at that time about 80,000 staves, 30,000 of which had been bucked and were ready for market, and the others were to be made ready and marketed as soon as practicable. Appellant was to give appellee one-fourth of the profits in the business in consideration of appellee's guaranty to appellant of "the amount paid on account of Faulkner County staves."

It was shown that appellant received out of the staves then on hand, after same were marketed, the sum of $1,379.85. This sum deducted from the amount paid the appellee shows a balance of $227.58 due by appellee to the appellant on the contract of guaranty, and this is the sum for which judgment should have been rendered in favor of the appellant under the plain provisions of the written contract. The contract is unambiguous.

There was testimony on behalf of the appellant tending to show that after the purchase of appellee's interest in the business and after the contract of guaranty was executed that he expended an additional sum of $345.15 to complete the hauling and handling of the staves. There was also testimony on behalf of appellant tending to show that he should have received a profit out of the staves on hand that were sold by Ausley in the sum of about $350. But under the plain terms of the guaranty, we are of the opinion that appellant was not entitled to recover any amount paid out by him for the purpose of making ready and getting the staves that were then on hand to market. Nor was he entitled to recover of appellee on the contract of guaranty any profits resulting from the sale of the staves. As we construe the contract, appellee only guaranteed that appellant should receive out of the staves then on hand the amount that he had paid appellee for such staves. The contract of guaranty did not include any amounts expended by appellant (after his purchase) by way of putting the staves on the mar-

ket or any other expense incident to the stave business, nor did the guaranty contract include any profits to be made out of the business. We must assume, therefore, that the court ignored the testimony on behalf of the appellant tending to show the amount of money he had expended in addition to the purchase money and the amount of profits that he should have received from the sale of the staves. All of the testimony in the record on behalf of the appellant which tended to prove that appellee guaranteed the amount of staves and the good faith and honesty of Ausley, his partner, in the further conduct of the business, and that the appellant was to receive one-fourth of the profits and all the money that he might thereafter expend in the business, was incompetent and tended to contradict and vary the terms of the written contract of guaranty, and can not be considered. *Highsmith* v. *Hammonds,* 99 Ark. 400; *Delaney* v. *Jackson,* 95 Ark. 131; *Bradley Gin Co.* v. *Means Machinery Co.,* 94 Ark. 130.

In the recent case of *Zearing* v. *Crawford,* 102 Ark. 575, we said: ''The writing itself must be accepted as the sole evidence of agreement between the parties. * * * The parties reduced their agreement to writing, and by that alone are their rights to be tested. It is an inflexible rule of evidence that all antecedent proposals and negotiations become merged in a written contract, which can not be waived by parol testimony. This is elementary.''

There was testimony on behalf of appellee tending to show that, after appellant had purchased appellee's interest, he made no effort to sell the staves, but we are of the opinion that the clear preponderance of the evidence showed that the appellant did all that he was required to do under the contract of guaranty. That contract required ''the sales and marketing of the staves to be had to the best advantage.'' But aside from the express language of the contract, appellant was under the implied obligation to make sale of the staves to the best

advantage under the circumstances. It was incumbent on him to act in good faith and he did so.

It could serve no useful purpose to set out and discuss the testimony bearing upon this issue of fact, but we are of the opinion, after careful consideration, that appellant did not forfeit his rights under his contract of guaranty by any failure on his part to comply with such contract and to do what he was required to do under the contract in selling and marketing the staves to the best advantage.

In construing the contract, any doubts must be resolved in favor of appellant, for appellee himself wrote the contract. *Taylor* v. *Union Sawmill Co.,* 105 Ark. 519; *Ford Hardwood Lumber Co.* v. *Clement,* 97 Ark. 522; *Mississippi Home Ins. Co.* v. *Adams,* 84 Ark. 431. Under the contract appellant was not responsible for the delinuencies of Ausley in the selling of staves.

The court therefore erred in dismissing appellant's complaint and the judgment, in that respect, will be reversed and judgment will be entered here in favor of the appellant for the sum of $227.58, the amount shown to be due him, by the undisputed evidence, upon the contract of guaranty, with interest thereon at 6 per cent per annum from the 13th day of January, 1913, the date of the institution of this suit.