YALE AUTOMOBILE COMPANY *v.* WALKER.

Opinion delivered October 11, 1920.

1. EVIDENCE—PAROL EVIDENCE RULE.—Where a written contract purported on its face to be a completed contract, the only oral evidence admissible was evidence in explanation of any ambiguous word, clause or phrase in the contract.

2. CONTRACTS—CONSTRUCTION BY COURT.—Where a written contract purported on its face to be a completed contract, it was error for the court to refuse to construe it, unless it was ambiguous in whole or in part.

3. SALES—CONSTRUCTION.—A provision in a contract for the sale of an automobile that "car stand good for the debt" *held* not a reservation of title.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; reversed.

*Rogers, Barber & Henry,* for appellant.

The contract does not in terms or by inference retain title to the auto, and the phrase, "stand good for the debt," has been otherwise legally defined. The phrase is not ambiguous, and the court erred in not construing it as a lien enforceable between the parties only. It was

error for the court to refuse to construe the phrase and the contract.   73 Ark. 338; 90 *Id.* 68.   Appellant was an innocent purchaser.   Similar phrases have often been construed to be an equitable lien or mortgage and can not be the basis of a possessory action.   135 S. W. 1135; 37 Ark. 511; 104 Ala. 412; 16 So. 12; 73 Ala. 155.   Under our decisions, the phrase did not even constitute a lien. 7 Ark. 254; 31 *Id.* 597.   Where there is a doubt whether an instrument is a mortgage or conditional sale, the law will construe it to be a mortgage.   38 Ark. 207.   The contract can not be the basis of a possessory action.

*W. R. F. Paine,* for appellee.

The memorandum was not a bill of sale, nor instrument conveying title nor a promissory note, but, if the parties understood it, it served its purpose.   3 Ark. 259; 99 *Id.* 115; 7 A. & E. Enc. Law (2 ed.), p. 20.   If ambiguous or unintelligible, extrinsic testimony to show the intention of the parties was admissible.   35 Ark. 164; 65 *Id.* 53; 60 *Id.* 481; 9 Enc. Ev. 396; 28 Ark. 286; 106 *Id.* 401; 54 *Id.* 33; 4 *Id.* 183; 55 *Id.* 115; 65 *Id.* 335; 15 *Id.* 549; 9 Enc. of Ev. 373.   Appellant by its purchase from Watson acquired no right, title or interest in the auto adverse to appellee.   68 Ark. 234; 93 *Id.* 345.   The court properly submitted the question to a jury.   81 *Id.* 342. The instructions clearly defined the law and there is no error.

HUMPHREYS, J.   Appellee instituted suit in replevin against appellant in the municipal court of North Little Rock, to recover a Chevrolet automobile, motor No. 10117, alleging that he was the owner thereof by virtue of a reservation of title therein until the purchase money was paid, when he sold it to Frank Watson, appellant's vendor.

The case proceeded to trial in the municipal court upon the issue of whether title to said automobile was reserved in Wesley Walker at the time he sold same to Frank Watson, which resulted in a judgment of title in

appellant. An appeal was prosecuted from that judgment to the Third Division of the Pulaski Circuit Court.

On March 16, 1920, the issue of title to the automobile was tried before a jury, which resulted in a finding that the title to said automobile rested in appellee. In accordance with the verdict of the jury, a judgment was rendered in favor of appellee for the possession of the automobile, from which judgment an appeal has been duly prosecuted to this court.

The evidence of appellee (plaintiff below) was to the effect that in September, 1919, he sold the automobile in question to Frank Watson for $375—$60 in cash and the balance to be paid in weekly installments of $10 a week; that, at the time of the sale, it was understood between them that the car was to remain the property of appellee until all the purchase money was paid; that, on the succeeding day, pursuant to a request of Frank Watson, appellee prepared the following writing: "September 18, 1919, Tie Plant, Arkansas. Wesley Walker has sold to Frank Watson a Chevrolet car for $375 and received $60, and the rest to be paid at $10 per week or more until the balance paid out, which is $315. CAR STAND GOOD FOR THE DEBT, and amount is all due to be paid by March 1, 1920, or sooner, which is the balance of $315. Wesley Walker, Frank Watson, X." That on or about November 24, 1919, Frank Watson traded the car to appellant for another.

The evidence of appellant (defendant below) was to the effect that it purchased the car in question from Frank Watson without notice that he owed any balance thereon.

At the conclusion of the evidence the court sent the case to the jury upon the theory that the phrase in the contract "car stand good for the debt" was ambiguous, and its proper interpretation a question for the jury from all the facts and circumstances in the case.

Appellant insists that the phrase was not ambiguous, and that the court erred in not construing it as creating a lien enforceable between the parties only.

The contract was reduced to writing and purports on its face to be a completed contract. It sets out the parties to the contract, the description of the automobile, the full consideration of the sale and the terms thereof. No material essential of the contract seems to have been omitted. This being the case, the only oral evidence admissible was evidence in explanation of any ambiguous word, clause or phrase in the contract. Unless ambiguous in whole or in part, it was error for the court to refuse to construe it. We do not think the phrase, "car stand good for the debt," amounted to a reservation of title, either in terms or by inference. The following similar phrases have been legally defined as creating liens: "Property shall be bound for the debt." *Atlanta National Bank* v. *Four States Grocer Company* (Tex.), 135 S. W. 1135. "That oxen should stand good for themselves until they are paid for." *Barnhill* v. *Howard,* 104 Ala. 412. "That certain personal property belonging to him should stand good for his indebtedness." *Jackson, Morris & Co.* v. *Rutherford,* 73 Ala. 155.

For the error in permitting the jury to interpret said clause in the contract, the judgment is reversed and the cause dismissed.