WISCONSIN & ARKANSAS LUMBER COMPANY v. FITZHUGH.

Opinion delivered December 12, 1921.

1. EVIDENCE—PAROL EVIDENCE TO EXPLAIN WRITTEN CONTRACT.—Where a written contract is ambiguous, parol evidence is admissible to explain the situation of the parties, so as that the court may apply correctly the language used to the things described.

2. CONTRACTS—AMBIGUITY—CONSTRUCTION.—Where a written contract is ambiguous, and it becomes necessary to construe it, all doubts must be resolved and the contract construed most strongly against the party who prepared it.

3. CONTRACTS—CONSTRUCTION—QUESTION FOR JURY.—Where the intention of the parties to a written contract does not appear clearly upon its face, the determination of the question should be left to the jury.

4. LOGS AND LOGGING—SALE OF TIMBER—CONSTRUCTION.—Where plaintiff deeded the pine timber on certain land, "excepting ten board trees", parol evidence was properly admitted to explain what trees were meant to be excepted.

Appeal from Hot Spring Circuit Court; *W. H. Evans*, Judge; affirmed.

*Henry Berger* and *Mehaffy, Donham & Mehaffy*, for appellant.

The description "ten board trees" in the deed was not sufficient to designate the trees reserved. 30 Ark. 640; 30 Ark. 657; 35 Ark. 470; 48 Ark. 419; 95 Ark. 253; 106 Ark. 83; 119 Ark. 301; 139 Ark. 83; 144 Ark. 442.

*H. B. Means* and *D. D. Glover*, for appellee.

There was no error in admitting oral testimony to prove the terms of the deed. 140 Ark. 231.

The contract, having been prepared by defendant, must be construed as unfavorably against them as its terms will admit. 90 Ark. 92.

WOOD, J. This is an action by the appellee against the appellant. The appellee alleges that he is the owner of the N half of the SW quarter of section 4, township 6 S., R. 15 W, and also the NW quarter of the SE quarter of section 5, township 6 S., R. 15 W, and other lands; that he sold to the appellant the pine timber on the above described tracts of land with the exception of ten board trees reserved in the face of the timber deed for his own personal use; that after he sold the timber to appellant it entered upon the lands and not only cut the timber purchased from the appellee, but also knowingly cut and removed nine of the ten trees reserved by the appellee when the deed was executed; that these nine trees were worth the sum of $225, for which he prays judgment. The appellant denied that it cut any board trees of the appellee.

The appellee testified that he was the owner of the land described in his complaint. He exhibited the timber deed executed by him to the appellant. The part material to this issue and which was introduced in evidence reads as follows: ''This indenture made this fifteenth day of November, 1906, by and between S. E. B. Fitzhugh, party of the first part, and the Wisconsin & Arkansas Lumber Company, party of the second part, witnesseth: The said party of the first part, being the owner in fee, and in peaceable and lawful possession of the following lands in Grant County, Arkansas, to-wit: North half of the southwest quarter, and the southwest quarter of the northwest quarter of section four (4), and also the pine timber on the northeast quarter of the southeast quarter east of the field of section five (5), all in township six (6) south, range fifteen (15) west, excepting ten (10) board trees.'' The deed then specifies that for the consideration of $1,000 the appellee conveys to the appellant all the timber standing,

fallen, and growing on the above-described lands, the timber to be cut and removed from the lands within a period of ten years, etc. The appellee further testified that the appellant prepared the deed which he executed, and when the time specified in that deed expired he executed another deed which appellant also prepared and which was substantially a copy of the former deed except that the last deed granted to the appellant the right to remove the timber from the lands for a period of two and a-half years upon the consideration of $200 paid by the appellant to the appellee. After the deed extending the time was executed, appellant cut and removed nine of the trees that had been reserved by the appellee. These trees would have averaged over 2500 feet of lumber to the tree and were worth in the neighborhood of $75 per tree.

Other witnesses corroborated the testimony of the appellee to the effect that the nine board trees reserved in the timber deed were cut by the agents of appellant.

D. D. Clark testified on behalf of the appellant that he and one Lee cut the timber on the lands described in the deed for the appellant; that the timber belonged to the appellant except the trees in controversy. The appellant gave witness and Lee a plat of the land and told them what timber to cut. They worked by that plat. The board trees were reserved on the SW quarter of the NW quarter of sec. 4, and the NW quarter of the SW quarter of sec. 4. There were two trees reserved in sec. 5. They were left there and not cut at all. As witness understood it, Fitzhugh was to reserve his timber on his own place, and, instead of doing that, he just marked two trees on his own place and on the other three forties in a section he had no right to reserve them he went over there and marked his trees. Witness supposed he had them reserved as board trees. He knew it at the time—knew appellee was to cross nine or ten trees—and at the time witness cut the same these trees had the cross on them, and witness knew they were

reserved by Fitzhugh. Witness would not have cut these trees if he had not been instructed to do so by the Wisconsin & Arkansas Lumber Company.

There was other testimony on behalf of the appellant to the same effect, and also testimony tending to show that the value of the timber in these reserved trees would run from $4 to $5 per thousand feet.

The appellant asked the court to instruct the jury to return a verdict in its favor and also to instruct the jury that the appellee could recover nothing for the eight board trees on the land in section 4. The court refused these prayers, and appellant duly objected and excepted to the court's ruling. The court, over the appellant's objection, instructed the jury, in effect, that if they found from a preponderance of the evidence that the appellee reserved ten board trees in the timber deed he executed to the appellant, and that it was the intention of the parties to the deed that these board trees should be reserved, and that by mistake the parties failed to include said reservation in the granting clause, and that the appellee afterward selected and marked these trees in such manner as to notify the appellant, and the appellant knew the particular trees claimed by the appellee, then the appellant had no right to cut and remove the same, and if it did so it was liable to the appellee for the actual market value of same. The appellant duly excepted to the ruling of the court in giving the above instruction.

The jury returned a verdict in favor of the appellee in the sum of $216.74. Judgment was rendered in appellee's favor for that sum, from which is this appeal.

In the case of *Wood* v. *Kelsey,* 90 Ark. 272-277, we said: "Courts may acquaint themselves with the persons and circumstances that are the subject of the statements in the written agreement and are entitled to place themselves in the same situation as the parties who made the contract so as to view the circumstances as they viewed them, and so as to judge of the meaning

of the words and of the correct application of the language to the things described." See, *Maloney* v. *Maryland Casualty Co.,* 113 Ark. 174. See also *Mays* v. *Barnett,* 150 Ark. 492, and other cases there cited.

Where a written contract is ambiguous, and it becomes necessary to construe it, all doubts must be resolved and the contract construed most strongly against the party who prepared it. *Ford* v. *Ficks,* 112 Ark. 1; *Clark* v. *J. R. Watkins Medical Co.,* 115 Ark. 166. "Where the intention of the parties to a written contract does not clearly appear upon its face, the determination of the question should be left to the jury." *Jones* v. *Lewis,* 89 Ark. 368; *Massey* v. *Dickson,* 81 Ark. 337.

Applying the above well-established rules for the construction of written contracts to the facts of this record, it is very clear that the ruling of the court was correct in holding that the contract under review was ambiguous and in submitting to the jury the issue as to the intention of the parties to it in the matter of the reservation of the board trees. The words, "excepting ten board trees" used in the contract are ambiguous. These words conclude the paragraph in which the lands are described, and, without explanation, they are entirely meaningless and nonsensical in the connection used. Therefore, oral testimony was competent to explain the patent ambiguity and to determine the intention of the parties to the contract in the use of these words. The issue as to the intention of the parties in the use of these words in the contract was submitted to the jury under correct declaration of law. There was evidence to sustain the verdict. The record presents no error in the rulings of the trial court, and its judgment is therefore affirmed.