DENMAN v. BRUCE-ROGERS COMPANY.

4-3872

Opinion delivered June 3, 1935.

*Hays & Smallwood,* for appellants.

*Warner & Warner,* for appellees.

JOHNSON, C. J.   This controversy arises out of the following facts and circumstances.   In August, 1932, one Francis owned a coal mining lease on certain lands situated in Scott County, Arkansas, and a Mr. and Mrs. Waring of Webb City, Missouri, owned the fee.   The fee owners notified Francis that they desired to terminate his lease contract because of nonpayment of rentals. Appellant, H. Denman, was desirous of acquiring a lease on the property from the fee owners, but it was necessary to have the Francis lease surrendered before this end could be accomplished.   Sometime in August, 1932, Denman and his associate Johnson took Francis to Webb City to see the fee owners, and the surrender of the lease was then and there effected.   The testimony in reference to the contract which superinduced the surrender of the lease by Francis is in irreconcilable conflict, and will be hereinafter referred to.   Francis assigned his interest in the sale and purchase contract to appellee, Bruce-Rogers Company, and it instituted this suit against appellants in the Sebastian Circuit Court to recover the sum of $400, the alleged balance due.   H. Denman defended the suit on the theory that he was acting only as an agent for a corporation subsequently formed, and that the alleged contract and all obligations thereunder were those of the subsequently formed corporation and not his personally.   The subsequently formed corporation, which is one of the appellants on this appeal, New Bates Smokeless Coal Company, pleaded the execution of a written contract between it and Francis, and exhibited same as a part of its answer.   It also affirmatively pleaded that it had paid all sums due under said contract, and therefore denied any liability.   The testimony adduced on behalf of appellee was to the effect that in August, 1932, Denman and Johnson, in consideration of Francis surrendering his lease contract to the fee owners, agreed to pay Francis therefor the sum of $500 payable at five cents per ton on all coal mined and sold from the lease premises; that subsequently the New Bates Smokeless Coal Company was organized and took over the lease, and it was agreed by written contract to pay

Francis five cents per ton on all coal mined and sold from the leased premises until $500 was paid. The pertinent provisions of this written contract are:

"Witnesseth—That whereas H. Denman and R. G. Johnson entered into certain verbal agreements with W. J. Francis, and

"Whereas H. Denman and R. G. Johnson assigned all their leasehold right and obligations to the New Bates Smokeless Coal Company without recourse.

"Therefore, for and in consideration of one ($1) dollar in hand paid by each party to the other and for other considerations herein mentioned, the following agreement is entered into.

"First. The said W. J. Francis, on his part, agrees to and does surrender to the company all his right, title and interest under a certain lease and W. Geo. Waring and wife, Anne Hull Waring, and agrees to render what assistance he can in the transfer of this property to the company.

"Second. In consideration of this surrender to the company, the company agrees to pay W. J. Francis the sum of five hundred ($500) dollars payable in the following manner:

"For each ton of coal mined and sold from the Francis mine known as number three, by this company or its sublessees, the said W. J. Francis shall receive five (5c) cents per ton out of the royalty paid the company until the entire amount of five hundred ($500) dollars, without interest, is paid.

"These payments shall be made on or before the 25th of each month for all coal sold in the previous month.

"In the case the royalties at five (5c) cents per ton paid to W. J. Francis does not amount to as much as one hundred ($100) dollars by January 1, 1933, then, in that case, the company shall pay W. J. Francis by January 15, 1933, the difference between one hundred ($100) dollars and the amount actually paid to W. J. Francis. However this does not apply in case the present sublessee cancel or surrender its lease on the said No. 3 mine before January 1, 1933. Any amount paid in excess

of five (5c) cents per ton from royalty shall apply on the five hundred dollars the same as if paid from royalty."

A jury was waived by the parties, and the trial court, after hearing the evidence adduced, found that Denman and the New Bates Smokeless Coal Company were jointly and severally indebted to appellee in the sum of $327.49 for coal mined and sold subsequent to the sale and purchase of the lease, and this appeal comes from the judgment entered thereon.

Appellant first contends that the evidence was not sufficient to show a contract, and the consequent personal liability of Denman. This contention wholly ignores the testimony of Francis. He testified in no uncertain terms that he was induced to surrender his lease on the express promise of Denman to pay him $500 payable at five cents per ton on all coal mined and sold from the lease premises. This testimony although controverted and denied by Denman, is amply sufficient to support the court's findings. See *Harris* v. *Bush,* 129 Ark. 369, 196 Ark. 471.

Next appellant urges that the written contract of October 17, 1932, between the New Bates Smokeless Coal Company and Francis superseded the oral contract between Denman and Francis. This was likewise a controverted question of fact for the trial court's determination. Francis testified that he did not release, and had no intention of releasing, Denman from the contract of purchase by the acceptance of the written contract, and the trial court gave full credit to this testimony, and we are unwilling to say, as a matter of law, that the trial court's finding in this regard is not supported by substantial testimony.

Appellant also contends that, regardless of the intention of the parties and as a matter of law, the written contract was a novation of the oral contract between Francis and Denman, and for this reason supersedes it.

The burden of establishing novation is upon the party who asserts it (46 C. J., 625), and the mere acceptance by a creditor of additional security from a third party does not, as a matter of law, operate as a nova-

tion.  46 C. J., 426.  See also *Brewer* v. *Winston,* 46 Ark. 163, and *Cockrill* v. *Johnson,* 28 Ark. 192.

For the reasons stated the acceptance by Francis of the written contract of the New Bates Smokeless Coal Company was not, as a matter of law, a novation of the old contract between Francis and Denman, and the trial court was correct in so deciding.

Finally, appellant urges that the written contract only binds the New Bates Company to pay five cents per ton upon royalty actually received by it, irrespective of the quantity of coal mined and sold from the leased premises.  It is tacitly admitted that the New Bates Company's lessee has mined and sold from the leased premises the quantity found by the trial court, but the specific contention is that the New Bates Company under the written contract is only liable in the event it "receives" the money from the lessee.  This is not the fair and reasonable interpretation and construction of the written contract.  The contract was prepared by appellants, and should be most strongly construed against them.  *Clark* v. *Watkins,* 115 Ark. 166, 171 S. W. 136; and *Ford* v. *Fix,* 112 Ark. 1, 164 S. W. 726.  And when so construed from its "four corners" it means that the New Bates Company would pay to Francis or his assigns five cents per ton on all coal mined and sold from the leased premises, regardless of by whom mined or sold. Any other construction of this contract would put it in the power of the New Bates Company to nullify the plain intentions of the parties.  If appellant's contention were sustained, it could waive payment of rentals from its lessee and thereby defeat the paramount purpose of the contract.  No such construction is impelled by the language employed in this contract, and such unreasonable construction should be avoided if possible.

No error appearing, the judgment is affirmed.