AGEY v. PEDERSON.

4-3937

Opinion delivered October 28, 1935.

*A. L. Burford* and *B. E. Carter,* for appellant.
*Shaver, Shaver & Williams,* for appellees.

HUMPHREYS, J. This suit was brought by appellant against appellees in the circuit court of Miller County to recover $1,197.63 for the use of an oil well drill for

23 days at $50 per day, $26.13 for swab rubbers, and $21.50 for a joint of drill pipe.

Appellees filed an answer admitting that they owed appellant for the last two items and $275 for the use of the drill for 5½ days at $50 per day, but denied that they owed the balance claimed for the use of the drill and tendered the amount admitted to be due appellant, or $322.63, in full of their indebtedness to appellant.

The issue joined was whether appellees, under the lease or the rental contract for the use of the drill, owed appellant for 23 days or for 5½ days.

This issue was submitted to the jury under the instruction of the court that the written lease or rental contract was ambiguous, and that, should they find from the preponderance of the evidence that appellant was to receive $50 per day for every day appellees kept the drill, then they should render a verdict for $1,197.63 in favor of appellant, but, should they find appellees were to pay $50 per day for the days they actually used the drill, then they should render a verdict in favor of appellants for $322.63.

The jury found that under the lease appellees were to pay $50 per day for the days they actually used the drill, which was 5½ days, and rendered a verdict in favor of appellant for $322.63, including the items of $26.13 for swab rubbers and $21.50 for the joint of drill pipe, and, from the judgment rendered in accordance with the verdict, an appeal has been duly prosecuted to this court.

The record reflects that appellant had drilled a well for appellees and found no oil, at which time a dispute arose between them as to the amount appellees owed appellant. On the 5th day of June an agreement was reached between them as to the amount then due and the price to be paid for the use of the drill to complete the well and make a test of the lower Trinity formations. The amount agreed upon was paid by appellees to appellant and the following instrument of writing was executed:

"6-5-33.

"Received of Fred Pederson and-or Duluth Arkansas Oil Company two thousand, six hundred twelve and

84-100th dollars ($2,612.84-100) in full payment for all work and contract to date on Garland City well located on Price farm. Also agree to lease above rig for $50 per day to above parties to complete said well and make test of lower Trinity formations. When this Price well is completed, this and all agreements to date are terminated.

"Agey Drilling Company,

"By W. M. Agey."

Testimony was introduced by appellant tending to show that the intention of the parties was that appellees should pay appellant $50 per day for every day they kept the drill. It was undisputed that they kept the drill 23 days.

Testimony was introduced by appellees tending to show that the intention of the parties was that appellee should pay appellant $50 per day for the days they actually used the drill in completing the well.

At the conclusion of the testimony appellant requested the court to instruct the jury that the meaning of the contract between the parties is that the defendants should pay the plaintiff $50 per day for each day that the defendants kept the rig in their possession.

This instruction was peremptory in effect and was refused by the court, and it is contended that the court committed reversible error in refusing to give the instruction. The rule of law is that where a written contract is ambiguous in whole or in part, the meaning thereof should be left to the jury. *Jones* v. *Lewis,* 89 Ark. 368, 117 S. W. 561; *Yale Automobile Company* v. *Walker,* 145 Ark. 344, 224 S. W. 632; *Wisconsin & Arkansas Lumber Company* v. *Fitzhugh,* 151 Ark. 81, 235 S. W. 1001.

The lower court's construction of the instant contract was that it is ambiguous in that it failed to state whether appellees should pay $50 per day for each day they kept the drilling rig or $50 per day for the days they actually used the outfit in completing the well. This ambiguity existed in the writing, and the court correctly submitted to the jury the question of the meaning of the language employed in this particular.

No error appearing, the judgment is affirmed.