ODEM *v.* JERNIGAN.

5-223                                       262 S. W. 2d 657

Opinion delivered November 30, 1953.

*Coffelt & Gregory,* for appellant.

*Talley & Owen* and *Robert L. Rogers II,* for appellee.

J. SEABORN HOLT, J. Appellee, Realty Company, sued appellant on a claim for a real estate commission, and a jury awarded appellee $525.00. From the judgment is this appeal.

September 19, 1952, the following instrument, captioned "Offer and Acceptance," was signed and executed by the parties: "To Jernigan Realty Company, Agent. You are hereby authorized to offer for my account the sum of Ten Thousand Five Hundred Dollars for the following described property: 3519 West 3rd Street, Little

Rock, Ark.; being legally described as W 89.5' of N 90' of Lots 16-17-18, Block 4, Beach Addition to the City of Little Rock, Ark.

"This amount is to be paid in the following manner: Cash or trade as per statement below—$2,500.00. Loan to be assumed or placed for my account Loan to Seller— $8,000.00. Balance payable Loan basis 60.00 monthly, 5% int.—Total $10,500.00.

"TRADE OR OTHER SPECIAL CONDITIONS— Subject to procurement of loan by purchaser to above specifications, prepayment right reserved by purchaser on loan.

"GENERAL CONDITIONS—It is understood that the seller shall furnish abstract of title continued to date showing merchantable title insurance, pay all taxes now due or delinquent, and make conveyance to me by warranty deed, date of which shall fix time for dating of notes and adjustment of rents, interest and insurance. Possession given 30 days or sooner.

"Attached hereto is check for $500.00 as earnest money which 500.00 ck Dep. 9-19-52 WW shall apply as part of purchase price if this offer is accepted within 5 days from date; otherwise to be returned to me. If for any reason I fail to carry out my part of this agreement said earnest money is to be forfeited as liquidated damages. Signature J. D. Parker, Address 818 Byrd St., L.R. Receipt of earnest money as stated above is hereby acknowledged—Wanda Wallace, Agent.

"The above offer is hereby accepted this 19th day of September, 1952. (Signed) Mary Alice Odem, Owner. (On reverse side) 9-19-52—I agree to pay Jernigan Realty Company the regular rate of commission being 5% of purchase price—(Signed) Mary Alice Odem— (Printed in ink) Mary Alice Odem."

It appears undisputed that appellee produced a purchaser who was ready, able and willing to buy on the basis of appellant, owner and seller, carrying the $8,000.00

balance on the $10,500.00 selling price, after a cash payment by appellee of $2,500.00. Appellant refused to convey on these terms, insisting that under the provisions of the above instrument, she was to sell and convey the property for a cash consideration, only, and that the loan was to be procured by the purchaser from some other source, not from her, and that appellee had not furnished a buyer in accordance with the contract.

At the trial, the court agreed with appellant's contention that the contract was ambiguous, as a matter of law, and submitted the case to the jury on the issue as to the intent of the parties as set forth in the contract, at the time it was made, in the following instruction offered by appellant: ''You are instructed that the court holds in this case, as a matter of law, that the contract sued on herein is ambiguous, and for this reason, oral testimony has been admitted in support of both the contentions of the plaintiff and the defendant touching upon the intent of the parties at the time the contract was entered into. It is now for the jury to determine the question 'What was the intent of the parties, and the meaning of the agreement between them, at the time the agreement was entered into?' If you find, from a preponderance of the evidence, that J. D. Parker was to pay Mrs. Odem $10,500.00 in cash for the property, and that Mrs. Odem herself was not to finance or loan any part of the purchase price, then the plaintiff cannot recover. If, on the other hand, you find from a preponderance of the evidence that Mrs. Odem agreed to loan the plaintiff $8,000.00 herself, on the purchase price of the property or to carry an indebtedness on the property in the said sum of $8,000.00, and that the plaintiff was not to procure said loan from some other source, but solely from Mrs. Odem, then the plaintiff would be entitled to recover. It is for the jury to determine, from all the facts and circumstances in the case, what the intent of the parties was at the time of their agreement.''

The court further correctly told the jury to resolve all doubts against the party (appellee here) who prepared the contract.

Appellant earnestly argues that in addition to the above instruction, the court should have given her Instruction No. 2 and erred in refusing to give said instruction. This instruction was as follows: "You are instructed that if at the time of the entering into the agreement between the plaintiff and defendant, the minds of the parties did not meet; that is, that the plaintiff intended one thing and the defendant another, then there would be no contract between the plaintiff and defendant, as alleged in the complaint, upon which the plaintiff could recover, and your verdict should be for the defendant." She says: "There is but one question to be decided on this appeal, that is, whether or not the court erred in refusing to give appellant's requested instruction No. 2 over appellant's exceptions."

It appears undisputed that the parties here signed and adopted the above contract as the complete expression of their intention. By so doing, they have, in effect, integrated such agreement and become bound by it, even though it should develop that the contract might have a meaning different from that which the parties supposed it to have.

"An agreement is integrated where the parties thereto adopt a writing or writings as the final and complete expression of the agreement. An integration is the writing or writings so adopted." Section 228, Ch. 9, Restatement of the Law on Contracts, and § 230, subdivision (b): "Where a contract has been integrated the parties have assented to the written words as the definite expression of their agreement. * * * Where * * * they integrate their agreement * * * they have assented to the writing as the expression of the things to which they agree, therefore the terms of the writing are conclusive, and a contract may have a meaning different from that which either party supposed it to have."

In the circumstances, the trial court, having determined that there was an ambiguity in the contract, that the intention of the parties does not clearly appear upon

its face, properly, in the above correct instruction offered by appellant, left the determination of this question to the jury. There was no error in its refusal to give appellant's requested instruction No. 2 since it did not properly declare the applicable law.

We said in *Wisconsin & Arkansas Lumber Company* v. *Fitzhugh*, 151 Ark. 81, 235 S. W. 1001: "Where a written contract is ambiguous, and it becomes necessary to construe it, all doubts must be resolved and the contract construed most strongly against the party who prepared it. *Ford* v. *Fix*, 112 Ark. 1, 164 S. W. 726; *Clark* v. *J. R. Watkins Medical Co.*, 115 Ark. 166, 171 S. W. 136. 'Where the intention of the parties to a written contract does not clearly appear upon its face, the determination of the question should be left to the jury.' *Jones* v. *Lewis*, 89 Ark. 368, 117 S. W. 561; *Massey* v. *Dickson*, 81 Ark. 337, 99 S. W. 383.''

Affirmed.