Nielsen *v.* Ozark Realty Co.

5-3738                                              398 S. W. 2d 227

Opinion delivered January 24, 1966

*Glen Wing,* for appellant.

*Little & Enfield,* for appellee.

Paul Ward, Justice. Involved on this appeal is the interpretation of a commission provision in a written contract effecting the exchange of certain real and personal property. There is no dispute about the facts involved, and only the one point, suggested above, is urged on appeal for a reversal.

*Parties and Properties.* John Nielsen (appellant) and R. I. Blair were the owners of a motel in Texas. For reasons not pertinent to the issue here Blair is not a party to this appeal, and, for the purpose of this opinion, Nielsen may be treated as the sole owner of the Texas property. Haskell F. Wright and other parties

(whom we may hereafter refer to as "Wright") were the owners of certain real and personal property located in Arkansas and Oklahoma. A portion of this property consisted of 25,000 railroad ties located in Oklahoma against which there was a lien for $9,000. The Ozark Realty Company, located at Siloam Springs, Arkansas is a partnership composed of Ben Nelson and J. J. Kriewitz who are real estate brokers licensed in this State. The company will hereafter be referred to as appellee.

*Property Exchange.* Appellee, as broker, was instrumental in bringing about an agreement whereby Wright and appellant would exchange the properties mentioned above. On February 11, 1964 Wright, as first party, and appellant, as second party, entered into a written "Exchange Contract" wherein the terms of exchange and descriptions of the properties were set out in detail. In the contract appellant (as second party) agreed to pay appellee, as agent, "a commission of $6,000." This Exchange Contract was signed by Wright and appellant, and witnessed by appellee.

On the day the Exchange Contract was signed, the same contracting parties signed an "Agreement as to payment of commission," which reads:

"Roy I. Blair and John Nielsen agree to pay a total of Four Thousand and No/100 commission ($4,000.00) to Ozark Realty Co. and Ozark Realty Co. agrees to accept $4,000.00 as total commission with payment to be in the following manner as full commission as set out in an exchange contract of even date between Haskell F. Wright, Geraldine R. Wright and Maud R. Wood and Roy I. Blair and John Nielson, which contract calls for a $6,000.00 commission:

It is mutually understood that there is a loan of $9,000 on the 25,000 railroad ties and first monies received from the sale of said ties shall be applied

to this loan balance with the next monies received to be applied to the above agreed $4,000.00 commission until paid in full. It shall be the option of Ozark Realty to accept 5,000 railroad ties in full payment of the above amount or a lesser amount at the same pro rata price per tie of 80c per tie to be credited against the commission. If any *other disposition* of the railroad ties is made the entire unpaid balance of the commission will be immediately due and payable." (Emphasis added.)

(It is agreed that the commission fee was reduced from $6,000 to $4,000 because appellant was a licensed real estate agent in Texas.)

The last sentence in the above agreement is the basis of this litigation, as will hereafter appear.

On February 11, 1964 appellee filed suit against appellant based on the "Exchange Contract" and the "Agreement as to payment of commission." It was alleged that the exchange of property was consummated, and that appellant had refused to pay the agreed commission. The prayer was for judgment in the amount of $4,000. To the above, appellant filed a general denial and also a cross-complaint. Upon trial the jury returned a verdict for appellee as prayed, and this appeal follows.

Urging a reversal, appellant states: "The only issue was the meaning of the phrase in the contract, boiled down to the meaning of the words *'other disposition'* ". The contract referred to by appellant is the one heretofore copied in full.

It is admitted that the railroad ties were not sold at private sales and the proceeds applied to payment of the $9,000 and the $4,000 as provided in the contract, but that the holder of the $9,000 lien brought suit to foreclose the same.

For the purpose of this opinion we agree with appellant's contention that the questioned language is ambiguous. However, we do not agree with appellant's contention that the meaning of the language presented a question of law for the trial court to decide. On the contrary, the trial court was correct in presenting the matter to the jury. In the early case of *Massey* v. *Dixon*, 81 Ark. 337 (p. 342), 99 S. W. 383, we said:

> "If the written contract unequivocally manifests the intention of the parties, the court should declare its effect. But where, as in this case, it is not clear from the instrument, taken as a whole, as to whether the parties intended a present or future sale, the court properly submitted the question to the jury for determination."

Practically the same statement was repeated in *Wisconsin & Arkansas Lumber Company* v. *Fitzhugh*, 151 Ark. 81 (P. 85), 235 S. W. 1001. In *Agey* v. *Pederson*, 191 Ark. 497 (p. 499), 86 S. W. 2d 930, we said:

> "The rule of law is that where a written contract is ambiguous in whole or in part, the meaning thereof should be left to the jury."

See also: *Fort Smith Appliance and Service Co.* v. *Smith*, 218 Ark. 411 (p. 414), 236 S. W. 2d 583; *Swift* v. *Lovegrove*, 237 Ark. 43 (p. 45), 371 S. W. 2d 129, and, *Manhattan Factoring Corp* v. *Osburn*, 238 Ark. 947 (p. 950), 385 S. W. 2d 785.

The judgment of the trial court is affirmed.

Affirmed.

COBB, J., not participating.